KLIEBERT, Chief Judge.
This is a divorce action instituted on July 15, 1991 by Mary A. Pourciau against her husband, Robert J. Pourciau. Following a December 3, 1991 hearing on various rules, the trial court rendered judgment awarding plaintiff alimony pendente lite in the amount of $2,674.00 per month, subject to an eight-month credit in favor of defendant for funds withdrawn by plaintiff from a community property bank account on the day after the divorce petition was filed.
The judgment was signed on February 18, 1992. Defendant perfected a devolutive appeal. Subsequently, plaintiff-appellee filed a motion to dismiss the appeal and asserted a claim against defendant for frivolous appeal damages, both of which were referred to the merits. For the following reasons, we deny the motion to dismiss and the claim for frivolous appeal damages, amend the trial court judgment and . affirm that judgment as amended.
Although the February 18,1992 judgment is only subject to devolutive appeal[1] *25 defendant failed to make any of the alimony pendente lite payments ordered by that judgment. Nevertheless, in her motion to dismiss, plaintiff contends that defendant is not even entitled to a devolutive appeal of the alimony pendente lite award because the parties agreed to a later consent judgment wherein plaintiff waived alimony, including any past due alimony. Plaintiff refers to proceedings held on December 22, 1992 to partition the community and to resolve the issue of alimony. Both parties were present, the defendant appearing in proper person. Counsel for plaintiff stated at the outset that the parties were before the court on motions and “to determine a purge date on past-due alimony. The parties have entered into a consent in regards to partition of community property and the waiver of alimony.... ” (Emphasis supplied). The agreements reached between the parties were dictated into the record for later reduction to written consent judgment. Among those agreements, the parties mutually waived alimony and plaintiff specifically waived any claim against defendant for past due alimony. While defendant-appellant represented himself, the trial judge took particular pains to ask him about the matters agreed upon. Defendant-appellant acknowledged that he understood the proceedings and he confirmed that the agreements between the parties, as dictated into the record, were accurate. However, defendant-appellant refused to sign the written consent judgment when presented to him. On March 15, 1993, the trial judge signed the consent judgment without the signature of either party. A copy of that judgment is attached to plaintiff-appellee’s' motion to dismiss.
The position of the appellee is simply that by virtue of the consent judgment with regard to alimony pendente lite, the appeal is precluded and moot. An appeal cannot be taken by a party who confessed judgment in the proceedings of the trial court or who voluntarily and unconditionally acquiesced in the judgment rendered against him. LAC.C.P. art. 2085; Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979). However, while appellee’s motion to dismiss is technically well founded, we prefer to dispose of this appeal on the merits and therefore deny appellee’s motion.
Defendant-appellant argues that the trial court awarded an excessive amount of alimony pendente lite. We disagree.
In awarding alimony pendente lite under Article 111[2] of the Louisiana Civil Code, the trial court must determine the amount the spouse requesting alimony needs for maintenance and support during the pen-dency of the suit. If that amount is in proportion of the means of the other spouse, then the amount should be awarded. Otherwise, the court should establish an amount proportionate to the needs and the means of the parties in a fair and just fashion. The trial court exercises wide discretion in making an award of alimony pendente lite and will not be reversed on appeal absent manifest abuse of that discretion. Velez v. Velez, 552 So.2d 1271 (La.App. 5th Cir.1989).
The financial statement prepared and introduced by plaintiff, a housewife, reflected her monthly expenses as $3,474.00 with no monthly income. The record establishes that the parties owned significant cash and income-producing assets at the time this divorce action was filed. Considering plaintiffs expenses and the income resources belonging to the parties, we cannot say that the trial court abused its broad discretion in awarding plaintiff alimony pendente lite in the amount of $2,674.00 per month.
However, two errors in the trial court judgment will be corrected by amendment. Although the divorce petition was filed on July 15, 1991, the trial court awarded alimony pendente lite retroactive to July 1, 1991. The judgment will therefore be amended to reflect July 15, 1991 as the commencement date for the alimony award. Secondly, in recognition of the $21,000.00 in community property funds withdrawn by plaintiff after *26 divorce proceedings were instituted, the trial court judgment gave defendant credit for eight months of alimony payments. The judgment provides that the first alimony payment from defendant is due in February 1992, which is only seven months from the award’s commencement date. Thus, the trial court judgment will also be amended to specify March 15, 1992 as the due date for the first alimony payment under the judgment. In all other respects the trial court judgment is affirmed.
There remains the question of damages for frivolous appeal claimed by plaintiff-appellee. Under LA-C.C.P. art. 2164, such damages are awarded only when there are no serious questions, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel does not' seriously believe in the position he advocates. Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983). Under the circumstances of this appeal, we conclude that it would be unfair and inappropriate to award damages as provided by the article and thus we deny plaintiff-appellee’s damage claim.
Accordingly, we deny plaintiff-appellee’s motion to dismiss the appeal and her claim against defendant-appellant for frivolous appeal. The February 18, 1992 judgment of the trial court is amended to reflect July 15, 1991, rather than July 1, 1991, as the commencement date for the court’s award of alimony pendente lite and is further amended to specify March 15, 1992, rather than February 1, 1992, as the due date for the first payment of alimony pendente lite under the judgment. As amended, the judgment is affirmed. Each party to bear his own costs of the appeal.

AMENDED AND, AS AMENDED, AFFIRMED.

. La.C.C.P. art. 3943 prohibits suspensive appeal from a judgment awarding alimony, including an award of alimony pendente lite.

. La.C.C. art. Ill provides:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.