649 So.2d 1133 (1995)
Gretchen Louise JANUARY, Plaintiff-Appellee,
v.
Ralph Adam JANUARY, Defendant-Appellant.
Ralph Adam JANUARY, Plaintiff-Appellant,
v.
Gretchen Louise JANUARY, Plaintiff-Appellee.
Nos. 94-882, 94-883.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
*1135 Randy J. Fuerst, Lake Charles, for Gretchen Louise January.
Carolyn Jackson Sartin, Shreveport, for Ralph Adam January.
Before KNOLL, SAUNDERS and AMY, JJ.
AMY, Judge.
This is an appeal by Ralph Adam January (hereafter Mr. January), from a judgment of the trial court which awarded alimony pendente lite and permanent alimony to Gretchen Louise January (hereafter Mrs. January).

FACTS AND PROCEDURAL HISTORY
Mr. and Mrs. January were married on August 24, 1985, in Lake Charles, Louisiana. They lived together as husband and wife until March 14, 1992, when Mrs. January left the marital dwelling.
On May 26, 1993, Mrs. January filed a petition for divorce under Article 102 of the Louisiana Civil Code in which she requested alimony pendente lite and permanent alimony. Additionally, she alleged that Mr. January was an abuser of alcohol and that he had often been verbally abusive during the marriage. On June 17, 1993, Mr. January filed an answer to Mrs. January's petition and filed his own petition in which he requested an immediate divorce under Article 103 of the Civil Code. These two actions were consolidated for trial.
A hearing to determine Mrs. January's eligibility for alimony pendente lite was held on September 14, 1993, before the court's hearing officer. The hearing officer recommended that Mrs. January receive $510.00 per month in alimony pendente lite and that the award be retroactive to June 1, 1993. Mr. January timely requested that the district court review the hearing officer's recommendation. After hearing the evidence, the district court rendered a judgment in open court on December 2, 1994, accepting the hearing officer's recommendation to grant Mrs. January alimony pendente lite in the amount of $510.00 a month. Additionally, the court found that Mr. January was 100% at fault in the termination of the marriage, and the court granted Mrs. January permanent alimony in the amount of $510.00 a month.
On March 2, 1994, a written judgment of divorce was signed which made the alimony pendente lite award covering the period from July 1, 1993, through December 1, 1993, an executory judgment for the amount of $3,570.00. Without further contradictory proceedings, on March 7, 1994, the district court signed an immediate income assignment order. Mr. January then filed a timely motion for a new trial which was denied.
On April 29, 1994, Mr. January requested a devolutive appeal. On appeal, Mr. January urges the following assignments of error:
(1) The trial court erred in concluding that Mrs. January had demonstrated a need for alimony pendente lite because she is an educated, healthy, gainfully-employed thirty-eight year old woman with no medical problems that would prevent her from becoming employed full-time.
(2) The trial court erred in making the alimony pendente lite award retroactive to June 25, 1993.
*1136 (3) The trial court erred in concluding that Mrs. January was entitled to permanent alimony because she is an educated, healthy, gainfully-employed thirty-eight year old woman with no medical problems that would prevent her from becoming employed full-time.
(4) The trial court erred when it found Mrs. January free from fault because her unsupported testimony was the only evidence that she offered to prove that she had lawful cause to leave the marital domicile.
(5) The trial court erred in awarding Mrs. January $510.00 a month because it considered expenses that were incurred unnecessarily.
(6) The trial court erred in awarding Mrs. January $510.00 in permanent alimony when she only requested $157.00.
(7) The trial court erred in not granting a new trial.
(8) The trial court erred in granting an immediate income assignment.
For the following reasons, we hold that the district court did not abuse its discretion in granting Mrs. January alimony pendente lite in the amount of $510.00 per month. However, we hold that the district court was manifestly erroneous in granting Mrs. January permanent alimony in the amount of $510.00 per month. Additionally, we hold that the district court erred by granting an immediate income assignment for the alimony pendente lite on March 7, 1994, under LSA-R.S. 46:236.3(A)(2) because the statute is only available to enforce child support orders.

ALIMONY PENDENTE LITE
Mr. January maintains that the district court abused its discretion in concluding that Mrs. January had demonstrated a need for alimony pendente lite because she is an educated, healthy, gainfully-employed thirty-eight year old woman with no medical problems preventing full time employment.
A spouse who seeks alimony pendente lite must prove that he has "insufficient income for maintenance." LSA-C.C. Art. 111; Mouton v. Mouton, 514 So.2d 528, 530 (La.App. 3d Cir.1987). A spouse demonstrates a need for alimony pendente lite if he establishes that he lacks sufficient income to sustain the style or standard of living that he enjoyed while he resided with the other spouse. Hollowell v. Hollowell, 437 So.2d 908, 909 (La.App. 2d Cir.1983). Mrs. January testified that she has had to live in subsidized housing and has led a simpler lifestyle since she left Mr. January; therefore, we find that the trial court did not abuse its discretion in concluding that Mrs. January demonstrated a need for alimony pendente lite.
Once a claimant spouse establishes that he has insufficient income for maintenance, the trial court may award "a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse." LSA-C.C. Art. 111. The "means" of the payor spouse includes income. Desormeaux v. Montgomery, 576 So.2d 1158, 1159 (La.App. 3d Cir.1991).
Because the award of alimony pendente lite is not mandatory, but rather a matter within the trial court's discretion, this court has held that the earning capacity of a claimant spouse may be considered by the trial court in determining entitlement to alimony pendente lite. Chaudoir v. Chaudoir, 446 So.2d 951, 954 (La.App. 3d Cir.1984). However, based on the fact that the purpose of alimony pendente lite is to retain the status quo with respect to support as it existed during the marriage, this court has also held that it is not an abuse of discretion for a trial court to de-emphasize a spouse's earning capacity when the other spouse was the principal wage earner during the marriage. Mouton, 514 So.2d at 530. Since Mr. January was the principal wage earner during the marriage, the court may de-emphasize Mrs. January's earning capacity in considering her entitlement to alimony pendente lite.
After hearing the evidence, the trial court adopted the hearing officer's recommendation that Mrs. January be awarded $510.00 per month for alimony pendente lite. Mrs. January's sworn statement indicated that her monthly needs exceed her take-home pay by $656.32 per month. Mr. January's income averaged $3,503.00 per month for the first half of 1993.
*1137 An award of alimony pendente lite will be modified on appeal only if the reviewing court concludes that there was a clear abuse of the trial court's discretion. Nugent v. Nugent, 533 So.2d 1370, 1373 (La.App. 3d Cir.1988). An abuse of discretion will not be found if the record supports the trial court's conclusion that the payor spouse has the means to pay the amount that the trial court awarded for alimony pendente lite. Mouton, 514 So.2d at 531. Since the record indicates that Mr. January has the means to pay Mrs. January $510.00 per month, we find that the trial court did not abuse its discretion in fixing the amount of alimony pendente lite at $510.00 per month.
Mr. January maintains that the trial court erred in making the alimony pendente lite award retroactive. We find this assignment of error to be meritless because the record indicates that in the divorce judgment, the trial court made the award of alimony pendente lite retroactive to the date of the filing of the petition. Thus, the trial court complied with the mandates of LSA-R.S. 9:310(A), which states that "[a]n order for spousal support shall be retroactive to the filing date of the petition for support granted in the order."

PERMANENT ALIMONY
Mr. January contends that the trial court erred in granting Mrs. January permanent alimony because she is an educated, healthy, gainfully-employed thirty-eight year old woman.

SUFFICIENT MEANS FOR SUPPORT
LSA-C.C. Art. 112(A) provides that for a spouse to receive permanent alimony, he or she must lack sufficient means for support and not be at fault. Unlike alimony pendente lite, permanent alimony is not meant to support a divorced spouse in the manner to which he or she was accustomed while married. Post-divorce alimony is in the nature of a pension meant to cover the basic necessities of life. Preis v. Preis, 631 So.2d 1349, 1353 (La.App. 3d Cir.1994). For Mrs. January to be awarded permanent alimony, her means must be inadequate to provide basic support.
Mrs. January's income statement from May 8 until November 6, 1993, reflected an average gross income of $1,226.00 per month earned from her part-time work as a nurse's aide. She is thirty-eight years of age, in good health, and capable of full-time work. Under the circumstances of this case, we find Mrs. January able to provide herself with the basic necessities of life. As such, we hold the trial court's award of permanent alimony to be in error, and reverse this award. Our finding that Mrs. January is not entitled to permanent alimony renders the fourth through the seventh assignments of error moot.

INCOME ASSIGNMENT
Mr. January contends that the trial court erred in granting an immediate income assignment for alimony pendente lite on March 7, 1993, because LSA-R.S. 46:236.3 is limited to the enforcement of child support orders.
For "any order for support," the trial court may require that the order for withholding take effect immediately. LSA-R.S. 46:236.3(A)(2). The term "support" is broad enough to include both child support and spousal support. LSA-C.C. Art. 98; LSA-C.C. Art. 111; LSA-C.C. Art. 112; LSA-R.S. 9:315 et seq. Article 9 of the Louisiana Civil Code provides: "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." In State v. Randall, 219 La. 578, 53 So.2d 689, 690 (1951) and State v. Standard Oil, 188 La. 978, 178 So. 601, 626 (1937), the Louisiana Supreme Court suggests that ambiguity exists when there are two permissible interpretations of a statute. Additionally, Article 12 of the Louisiana Civil Code allows courts to interpret "the language of the law" when it is "susceptible of different meanings." In the instant case, there are at least three possible interpretations of "support": (1) support means child support, but not spousal support; (2) support means spousal support, but not child support; (3) support means both child support and spousal support. *1138 Thus, under Randall, Standard Oil, and Article 12, we hold that "support" in LSA-R.S. 46:236.3 is ambiguous.
Article 12 provides that "[w]hen the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." In interpreting ambiguous language in a statutory provision, the Louisiana Supreme Court has directed courts to construe the language along with the remainder of the statute. Melancon v. Mizell, 216 La. 711, 44 So.2d 826, 831 (1950).
LSA-R.S. 46:236.3(A)(4)(b)(ii) states that "good cause exists if the court finds that implementing an immediate income assignment would not be in the best interests of the child," which indicates that the statute covers child support.
Article 13 of the Louisiana Civil Code provides that "[l]aws on the same subject matter must be interpreted in reference to each other." Similarly, the Louisiana Supreme Court has directed courts to interpret ambiguous language in connection with all laws on the same subject matter. Melancon, 44 So.2d at 831.
LSA-R.S. 9:303, which was added by the same act which amended LSA-R.S. 46:236.3, provides that:
In all new child support orders after January 1, 1994 that are not being enforced by the Department of Social Services, the court shall include as part of the order an immediate income assignment unless there is a written agreement between the parties or the court finds good cause not to require an immediate income assignment.
1993 Acts No. 145. Thus, this reference to LSA-R.S. 9:303 indicates that support in LSA-R.S. 46:236.3 includes child support. Moreover, its explicit mention of child support and failure to mention spousal support suggests that spousal support is not within the purview of LSA-R.S. 46:236.3.
LSA-R.S. 46:236.1(E)(1) states that "[v]oluntary child support payments made to the applicant or recipient [of AFDC] ... shall be deemed to have been assigned to the department." LSA-R.S. 46:236.1(F)(1) refers to "best interests of the child." LSA-R.S. 46:236.1(I)(2) defines past due support as "the amount of a delinquency ... for support and maintenance of a child." LSA-R.S. 46:236.1(B)(1)(a) states that the Department of Social Services is authorized to "[e]nforce, collect, and distribute the support obligation owed by any person to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established." Reading these provisions together, they clearly indicate that only child support is within the purview of LSA-R.S. 46:236.3.
Based on the foregoing, we hold that LSA-R.S. 46:236.3 only applies to child support orders and that this statute does not allow for the enforcement of spousal support orders by immediate income assignment. As a consequence, we hold that the trial court improperly utilized LSA-R.S. 46:236.3 to grant an immediate income assignment to enforce Mrs. January's award of alimony pendente lite. Finding that Mr. January's eighth assignment of error holds merit, we reverse and vacate the portion of the trial court's judgment that granted an immediate income assignment.

DECREE
For the foregoing reasons, the judgment of the trial court awarding Mrs. January alimony pendente lite is affirmed; the award of permanent alimony to Mrs. January is reversed and set aside; and the order granting the income assignment is reversed and vacated. Costs of this appeal are assessed to Mr. January.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.