796 So.2d 810 (2001)
Ravinderjit S. BRAR
v.
Luckwinder Gill BRAR.
No. 01-0370.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*811 Wilbert Joseph Saucier, Jr., Pineville, LA, Counsel for Luckwinder Gill Brar.
James Ogden Middleton, II, Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, Counsel for Ravinderjit S. Brar.
Court composed of NED E. DOUCET, Jr., Chief Judge, OSWALD A. DECUIR and MARC T. AMY, Judges.
AMY, Judge.
The appellant/husband appeals the trial court's judgment ordering him to pay interim spousal support and granting his wife use and occupancy of the family home. For the following reasons, we affirm the judgments as amended.

Factual and Procedural Background
On March 25, 1998, Dr. Ravinderjit S. Brar and Luckwinder Gill Brar were married in Gaddandob, India. At that time, Dr. Brar was residing in Marksville, Louisiana, working as an emergency room doctor at Avoyelles Parish Hospital and practicing internal medicine. On returning to the United States the couple established their matrimonial domicile in Alexandria, Louisiana.
On July 14, 2000, Dr. Brar filed a petition for divorce, pursuant to La.Civ.Code art. 103(1),[1] claiming that he and Mrs. *812 Brar had physically separated on or about January 15, 2000. On July 24, 2000, Mrs. Brar filed an answer, reconventional demand, and rule to show cause wherein she requested, among other things, interim spousal support and use of the family home. The rule on the incidental matters was heard September 11, 2000. Thereafter, the trial court ordered that Dr. Brar pay $4,500.00 per month in interim spousal support and awarded Mrs. Brar occupancy and use of the family home.
On September 8, 2000, Dr. Brar filed a rule to show cause for separation of property in accordance with the provisions of La.Civ.Code art. 2374(C), which allows either spouse to request a judgment decreeing a separation of property upon proof that the couple has lived separate and apart, without reconciliation, for more than thirty days after the filing of a petition for divorce. A judgment on the rule was signed October 23, 2000, ordering the separation of property and decreeing the parties to be living under a separate property regime retroactively to September 8, 2000, the date Dr. Brar filed the rule.
Dr. Brar appealed from both judgments, alleging:
(1) The court erred as a matter of law when it made the judgment granting a separation of property, based upon the parties living separate and apart without reconciliation for thirty (30) days after the filing of the petition for divorce, effective retroactive to the date the rule for separation of property was filed rather than to the date the original petition for divorce was filed.
(2) The court abused its discretion in granting defendant interim spousal support in the amount of $4,500.00 per month.
(3) The court erred by not considering the plaintiff-appellant's request for rental value set forth in his answer to reconventional demand.

Discussion of the Merits

Judgment of Separation
In his first assignment of error, Dr. Brar alleges that the judgment of separation of property is legally erroneous because it declares that the separate property regime is to be effective retroactively to September 8, 2000, the date Dr. Brar filed the rule to show cause, rather than July 14, 2000, the date he filed his divorce petition, which he claims is contradictory to the law controlling such judgments.
La.Civ.Code art. 2375, which governs the effect of a judgment of separation of property, states in pertinent part:
A. Except as provided in Paragraph C of this Article, a judgment decreeing separation of property terminates the regime of community property retroactively to the day of the filing of the petition or motion therefor, ....
. . . .
C. If a judgment is rendered on the ground that the spouses were living separate and apart after the filing of a petition for divorce without having reconciled, the judgment shall be effective retroactively to the date the original petition for divorce was filed, without prejudice to rights validly acquired in the interim between filing of the petition or motion and rendition of judgment.
(Emphasis added.)
In her brief to this court, Mrs. Brar argues that Dr. Brar is estopped *813 from claiming an error in the judgment since his attorney prepared and submitted the judgment to the trial court and, by doing so, acquiesced in the judgment and the effective date stated therein .[2] Alternatively, she alleges that it would have been error for the trial court to order the judgment retroactive to the date of filing the divorce petition because the petition itself is invalid in that it incorrectly states that the couple had been separated for six months prior to its filing, which was expressly denied by Mrs. Brar in her answer.
After review, we find no merit in Mrs. Brar's first contention that Dr. Brar has "judicially confessed" or voluntarily acquiesced in the date the separation of property judgment would become effective and therefore, should now be estopped from challenging this issue on appeal. There is no proof in the record which indicates that the parties expressly agreed or stipulated as to which date would serve as the effective date of the judgment. Thus, we find the issue is properly before us on appeal. Moreover, we reject Mrs. Brar's assertion that the original divorce petition cannot serve as the effective date of the separation of property judgment because she believes that the statements made by Dr. Brar in his petition were false, rendering the petition invalid. The express provisions of La.Civ.Code art. 2375(C) only require that a petition for divorce be filed, it does not require that the petitioner ultimately prevail in the divorce proceeding in order for the separation of property judgment to be effective retroactively to the filing date of the divorce petition.
An examination of the written judgment reveals that while it states the separate property regime shall be effective retroactively to the date the rule was filed, it also cites La.Civ.Code art. 2375(C), which requires that the judgment be effective retroactively to the date of the original petition for divorce was filed. Due to this internal contradiction in the judgment, and in light of the clear mandate of La.Civ. Code art. 2375(C), we find that this judgment contains a legal error regarding the date the judgment shall become effective. Accordingly, we order that it be amended to reflect that the separation of property regime shall be applicable retroactive to July 14, 2000, the date the original divorce petition was filed.

Interim Spousal Support
Secondly, Dr. Brar alleges that the trial court was manifestly erroneous in its findings that Mrs. Brar is entitled to $4,500.00 in interim spousal support and that he has the ability to pay that amount.
La.Civ.Code art. 113 reads, in part:
Upon motion of a party or when a demand for final support is pending, the court may award a party an interim periodic allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage.
Louisiana jurisprudence holds that interim spousal support is grounded in the statutorily imposed duty on spouses to support each other during marriage, and thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation prior to the litigation of the divorce proceedings. See McAlpine v. McAlpine, *814 94-1594 (La.9/5/96), 679 So.2d 85; Daigle v. Daigle, 96-541 (La.App. 3 Cir. 11/6/96), 689 So.2d 478. Interim spousal support is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse. Daigle, 96-541, 689 So.2d 478. An award of interim spousal support lies within the trial court's discretion, and will not be disturbed on review without a determination that there was a clear abuse of that discretion. January v. January, 94-882 (La.App. 3 Cir. 2/1/95), 649 So.2d 1133.

Monthly Expenses
At the contradictory hearing on this issue, both parties submitted individual estimates of their monthly earnings and expenses which were discussed in their testimony to the trial court. Mrs. Brar's estimates reflect that she has zero monthly earnings and an estimated $5,675.00 in monthly expenses. Included within this estimate of monthly expenses were amounts for a mortgage on one of the couples two homes, an automobile note, car and home insurance, food, entertainment, as well as several other items. On appeal, Dr. Brar thoroughly takes each of Mrs. Brar's estimated expenses and attempts to demonstrate how Mrs. Brar has "overestimated or inflated" these expenses and how they are not a true reflection of their current standard of living.
After review of the contentions set forth by Dr. Brar and the evidence submitted in support thereof, we find no merit in this assignment. While we believe that Dr. Brar has sufficiently established the differences between the actual amount and Mrs. Brar's estimates for the amount of the mortgage for their family home in Alexandria, and the amount of the car note, he has not established that the trial court did not consider these differences when presented at the hearing. All of the estimates argued to be erroneous by Dr. Brar were part of Mrs. Brar's initial estimate which totaled $5,675.00. However, the trial court awarded $4,500.00. In doing so, the trial court explained:
In considering the income and expense statement that has been submitted by Mrs. Brar, the Court ... finds her statement to be fair and reasonable under the circumstances; understanding that some of her expenses have to be estimated because she did not handle the monthly bills of the family, those were taken care of by Dr. Brar.
Accordingly, we do not find that the trial court clearly erred in its calculation of the monthly expenses claimed by Mrs. Brar.

Earning Capacity
Next, Dr. Brar asserts that the trial court erred in failing to consider Mrs. Brar's earning capacity prior to awarding her interim spousal support. He claims that since Mrs. Brar was licensed to practice dentistry in India, prior to her coming to the United States, she has the ability to at least earn an income as a dental hygienist in the United States.
When addressing this issue of considering a spouse's earning capacity in January, 94-882, p. 4, 649 So.2d at 1136, a panel of this court explained:
Because the award of [interim spousal support] is not mandatory, but rather a matter within the trial court's discretion, this court has held that the earning capacity of a claimant spouse may be considered by the trial court in determining entitlement to [interim spousal support]. Chaudoir v. Chaudoir, 446 So.2d 951, 954 (La.App. 3d Cir.1984). However, based on the fact that the purpose of [interim spousal support] is to retain the status quo with respect to support as it existed during the marriage, *815 this court has also held that it is not an abuse of discretion for a trial court to de-emphasize a spouse's earning capacity when the other spouse was the principal wage earner during the marriage.

(Emphasis added.)
In the instant matter, Mrs. Brar testified that since she arrived in the United States in August of 1999, she has primarily stayed in the family home and has relied on Dr. Brar for support. Mrs. Brar did explain that she had recently begun performing volunteer work for approximately three hours a week at a dentist's office in order to get a reference letter she needs to accompany her application to an accredited dentistry school, but was spending approximately twelve hours a day studying for her dentistry boards. She testified that the dentist's office did not have a paying position but agreed to allow her to volunteer her services so that she could gain the practical experience.
We conclude that the evidence of Mrs. Brar's earning capability was properly presented to the trial court for its consideration. However, it appears from the trial court's silence on this issue in its oral reasons for judgment, it found Mrs. Brar's potential earning capacity to have little or no effect on maintaining the status quo of the parties in light of her nonexistent wage-earning experience in this country. We cannot say that this decision was an abuse of the trial court's discretion.

Ability to Pay
Furthermore, Dr. Brar alleges that the trial court erred in failing to consider his monthly expenses and his ability to pay the $4,500.00 per month interim spousal support award. Dr. Brar claims that although he has an estimated gross salary of more than $300,000.00 a year or approximately $25,000.00 per month, he has approximately $24,857.00 in monthly debt from taxes, mortgages, and various other monthly expenses. There was also testimony from both parties regarding substantial amounts of money that Dr. Brar gives to his family each month which he claims is a natural obligation, under Indian cultural mores, preceding his marriage to Mrs. Brar and further encumbers his ability to pay the substantial amount of interim spousal support. He admits that his estimated monthly expenses include amounts for the mortgage of the family home in Alexandria and a car payment, both pieces of property Mrs. Brar was put into possession of and would be responsible for out of the $4,500.00 in interim spousal support. However, he claims that even after reducing his expenses by the approximate $2,000.00 for those two payments, he still has no means of paying the other $2,500.00 monthly.
The trial court expressed its disbelief in Dr. Brar's claim that he only had $143.00 left out of his $25,000.00 per month salary, and found that the evidence presented a disposable income "substantially greater than that." The trial court noted that Dr. Brar also testified about a real estate investment in St. Tammany Parish that would begin producing an additional $4,000.00 of monthly income in the near future. The trial court's oral reasons evidence its consideration of Mrs. Brar's need for interim spousal support and Dr. Brar's ability to pay. We find this assignment of error to be without merit.

Rental Value
In his third and final assignment of error, Dr. Brar claims that the trial court erred by failing to award him fair rental market value of the family home once it awarded Mrs. Brar occupancy and use of the home.
La.R.S. 9:374(C) states:

*816 A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Since neither the parties have agreed to the payment of rent nor has the court ordered such payment, the applicable statute dictates that Dr. Brar is not entitled to the rental value of the property. Yet, Dr. Brar argues that it is inequitable for the court not to award him the rental value of the home, because this will eventually lead to a reimbursement claim for Mrs. Brar against him for one-half of the mortgage payment she makes with her separate funds according to La.Civ.Code art. 2365.[3] Thus, Dr. Brar claims that because the mortgage note is $1,271.00 per month, at the end of six months he will be responsible for paying her an additional $5,135.50 (the sum of paying one-half the mortgage for six months.)
We find that Dr. Brar has failed to demonstrate how the trial court's decision to not award him rental value of the family home is a clear abuse of its discretion in deciding this matter. While Dr. Brar did include a request for an award of rental value in his answer to Mrs. Brar's request for use and occupancy of the family home, we find no argument by Dr. Brar's trial attorney in the hearing transcript in regard to this issue. Furthermore, once the trial court rendered judgment in favor of Mrs. Brar and asked the parties if there were other issues which needed to be addressed, Dr. Brar's attorney did not make a plea for or offer any proof of the fair market rental value for the family home. We conclude that Dr. Brar's unsupported contention for equitable relief on appeal is meritless, and find no reason to disturb this aspect of the trial court's judgment.

DECREE
For the foregoing reasons, we amend the trial court's judgment of separation of property signed October 23, 2000, to decree that the parties are living under a regime of separation of property regime retroactive to July 14, 2000. In all other respects that judgment and the judgment signed September 26, 2000, are affirmed. All costs of this appeal are assessed against the plaintiff/appellant, Dr. Ravinderjit S. Brar.
AFFIRMED AS AMENDED.
NOTES
[1] La.Civ.Code art. 103 states:

[A] divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for a period of six months or more on the date the petition is filed[.]
[2] Mrs. Brar bases her claim of estoppel on La.Code Civ.P. art. 2085, which provides:

An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.
[3] La.Civ.Code art. 2365 explains:

If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount of value that the property has at the time it was used....