# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-1137

SCOTT DEROUEN

VERSUS

PAMELA NUNEZ DEROUEN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 101427-H
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED**.

Leon Joseph Minvielle, III
Haik, Minvielle & Grubbs
P. O. Box 11040
New Iberia, LA 70562-1040
Telephone:  (337) 365-5486
COUNSEL FOR:
        Plaintiff/Appellee - Scott Derouen

Glenda Huddleston
Decuir & Huddleston
214 East Washington Street
New Iberia, LA 70560
Telephone:  (337) 365-2336
COUNSEL FOR:
        Defendant/Appellant - Pamela Nunez Derouen

THIBODEAUX, Chief Judge.

In this claim for interim spousal support, Pamela Nunez Derouen asserts that her former husband, Scott Derouen, has sufficient income to provide her with interim spousal support. The trial court found that, on his income, he could not both satisfy his monthly expenses, including his child support obligation, and provide her with spousal support. We affirm the judgment of the trial court.

I.

## ISSUES

Did the trial court err in finding that Mr. Derouen was financially unable to provide Mrs. Derouen with interim spousal support and did the trial court improperly fail to consider Mr. Derouen's earning capacity?

II.

## FACTS

Pamela Nunez Derouen and Scott Derouen filed for divorce on September 22, 2003. In the course of settling child custody and support obligations, a Hearing Officer concluded that Mr. Derouen's average monthly expenses were $1,236.72 and issued a Conference Report fixing Scott Derouen's monthly child support commitment at $720.10 and interim spousal support at $500.00.

Mr. Derouen filed objections to the Conference Report, stating that his monthly expenses are more than $1,236.72. Mr. Derouen asserted that his expenses may include medical care costs not otherwise covered by insurance, and therefore the figure that appears in the Conference Report may not represent all his monthly expenses. In his pre-trial memorandum, Mr. Derouen stated his net monthly income

1

after deduction of mandatory withholdings is $2,165.18, while his average monthly expenses, including his child support obligation, are $2,418.19.

In March 2004, the court granted a judgment of divorce and denied Mrs. Derouen's petition for interim spousal support. A trial on the merits was held in February. Mr. Derouen testified that his income had declined between 2000 and 2003, but stated that this decrease correlated to a drop in his company's business. Additionally, he testified he had moved to a different department where he did not make as much overtime. Mr. Derouen denied that he was attempting to evade child support or spousal support payments by reducing his work load or hours. His 2003 W-2 form shows net yearly income after deduction of mandatory withholdings of $30,896.93, or about $2,574.74 per month. He testified that his known monthly expenses were about $2,109.80, including rent, food and household supplies, health and car insurance, certain loans against his 401-k, attorney fees, non-covered medicals, and child support. He asserted, however, that this figure did not include certain unknown amounts, including fuel and maintenance of his car, such as a $300.00 timing belt, outstanding medical bills, and a cell phone for emergencies.

Mrs. Derouen then testified that she is disabled and cannot work. She suffers from insulin resistant diabetes, and requires an insulin pump. Her sole income is from Social Security/SSI, which totals $472.00 per month. She testified that her mother has lent her between $4,000.00 and $5,000.00, which her mother expects her to repay. In addition, her monthly expenses total $1,020.00. This figure does not include payments on debts owed to her mother, fuel expenses for her car, or her medical expenses, which total about $18.00 per month, not including supplies. Mrs. Derouen's mother also testified that her daughter cares for the two children, one of

2

whom suffers from a serious, chronic disease of the immune system. Both children are currently homebound for medical reasons.

The court found that Scott Derouen has a monthly income of $2,100.00 after taxes, and monthly expenses of $2,400.00 including child support. The court acknowledged that Mrs. Derouen's needs are considerable, but nevertheless held that Mr. Derouen cannot afford to pay $500.00 in monthly interim spousal support, in addition to his other expenses. Mrs. Derouen appeals the trial court's judgment to deny interim spousal support.

III.

## LAW AND DISCUSSION

Louisiana Civil Code Article 113 governs the award of interim spousal support. Article 113 states: "the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage."[1] La.Civ.Code art. 113. The statute mandates that the award terminate when a judgment for divorce is rendered, but support may be assessed retroactively. *Pourciau v. Pourciau*, 624 So.2d 23 (La.App. 5 Cir. 1993). Article 113 was enacted as such in 1997, and replaced the term *alimony pendent lite* with *interim spousal support*, but the factors required to assess an award were not changed.

The Louisiana Civil Code's regulations on interim spousal support are "designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce." *Smoloski v. Smoloski*, 01-485, p. 2 (La.App. 3 Cir.

---

[1]Although Mrs. Derouen argues that the trial court erred in not considering certain factors listed in La.Civ.Code art. 112, such as the health and age of the parties or the duration of the marriage, Article 112 offers guidelines for an award of permanent, rather than interim, spousal support.

10/3/01), 799 So.2d 599, 601. A spouse's right to claim interim periodic support "is grounded in the statutorily imposed duty on spouses to support each other during marriage, and thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation." *Brar v. Brar*, 01-370, p. 5 (La.App. 3 Cir. 10/3/01), 796 So.2d 810, 813. Interim support preserves parity in the levels of maintenance and support, and avoids "unnecessary financial dislocation until a final determination of support can be made." *Jones v. Jones*, 38,790, p. 15 (La.App. 2 Cir. 6/25/04), 877 So.2d 1061, 1072.

The trial court enjoys considerable discretion in its decision to award interim support. Their decision will not be disturbed on appeal absent a clear abuse of discretion. *Smoloski*, 799 So.2d 599; *Brar*, 796 So.2d 810. An abuse of discretion will not be found if the record supports the trial court's conclusions about the means of the payor spouse and his or her ability to pay.

To determine whether a claimant spouse is entitled to receive interim support, the trial court must assess the needs of that spouse, the ability of the non-claimant spouse to pay, and their standard of living during the marriage. La.Civ.Code art. 113.

A claimant demonstrates need for interim spousal support if she establishes that she lacks sufficient income or the ability to earn a sufficient income " to sustain the style or standard of living that [s]he enjoyed while [s]he resided with the other spouse." *January v. January*, 94-882, 94-883, p. 3 (La.App. 3 Cir. 2/1/95), 649 So.2d 1133, 1136; *Jones*, 877 So.2d 1061. The claimant spouse has the burden of proving his or her need. *Jones*, 877 So.2d 1061. The needs of the claimant spouse have been defined as "the total amount sufficient to maintain her in a standard of living comparable to that enjoyed by her prior to the separation, limited only by the

4

husband's ability to pay." *Hitchens v. Hitchens*, 38,339, p. 2 (La.App. 2 Cir. 5/12/04), 873 So.2d 882, 884. For example, in *Thomey v. Thomey*, 33,000 (La.App. 2 Cir. 4/7/00), 756 So.2d 698, the court determined that the claimant had demonstrated need by establishing that she had insufficient income to meet her monthly expenses, which exceeded her income by over $1,000.00 per month. Awarding support also requires finding that expenses were reasonable. *Vassallo v. Vassallo*, 540 So.2d 1300 (La.App. 5 Cir. 1989).

Mrs. Derouen has proven her need. Her monthly expenses exceed her income by over $1,000.00. Mr. Derouen does not allege that her expenses are unreasonable. Rather, he asserts that, despite Mrs. Derouen's need, his financial condition renders him unable to pay her any support.

Once the claimant spouse has established need, the court must examine the ability of the payor spouse to provide support. The third circuit opinion in *January v. January* encapsulated the standard for balancing the needs of one spouse and the means of the other: "Once a claimant spouse establishes that he has insufficient income for maintenance, the trial court may award 'a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.'" 649 So.2d at 1136 (citation omitted). If the needs of the claimant spouse surpass the ability of the other spouse to pay, interim spousal support "should be fixed at a sum which will as nearly as possible be just and fair to all parties involved." *Ridings v. Ridings*, 595 So.2d 343, 344 (La.App. 2 Cir. 1992); *see also Brazan v. Brazan*, 93-2369 (La.App. 1 Cir. 6/24/94), 638 So.2d 1176.

In assessing a spouse's ability to pay, the court must consider his or her means. Means includes "any resource from which the wants of life may be supplied," requiring an assessment of the entire financial condition of the payor spouse. *Dagley*

*v. Dagley*, 96-1796, p. 4 (La.App. 4 Cir. 5/21/97), 695 So.2d 521, 523. Entire financial condition "is not limited to income, but also includes any resource from which his or her needs can be supplied, including a spouse's earning capacity." *Hitchens*, 873 So.2d at 884-85.

In several cases, courts have found that the payor spouse was financially unable to provide any support at all. For instance, in *Frederick v Frederick*, 379 So.2d 808 (La.App. 4 Cir. 1980), Mr. Frederick appealed from a judgment ordering him to pay $1,484.44 in child and spousal support per month. This amount would leave him only $368.55 per month to satisfy his own needs. The appellate court held that "[h]e will require more than that to exist." *Id.* at 811. The trial court decided Mr. Frederick should not make certain contributions to a Charity Fund and a retirement fund, and awarded support accordingly. The appellate decision noted, however, that Mr. Frederick could not be compelled to reallocate his monthly expenditures, and that the trial court thus improperly overestimated his take-home pay by not including these contributions. In an early supreme court case on interim spousal support, the opinion noted that, although the claimant spouse requested reasonable living expenses, the husband was nevertheless unable to pay that amount. The court stated:

> the wife may need as much as $60 per month in order to live in the same style that she did prior to the separation, yet to require the husband to pay that amount under the circumstances disclosed by the record would be unjust to him. He has not the income . . . .

*Reichert v. Lloveras*, 188 La. 447, 177 So. 569, 571 (La.1937).

Although the husband could have facilitated the award by selling some real estate he owned, the court was unwilling to require him to do so. Additionally, the opinion acknowledged that if the husband had exaggerated or falsified his expenses, the wife could have asserted that claim at trial. She did not pursue that

issue, and the husband had provided itemized expenses and income statements. The court held that "[a]s none of the statements he made [are] contradicted, we must accept them as true." *Id.* The payor spouse's inability to pay thus obviates the claimant spouse's request for interim support, despite having established need.

Mrs. Derouen first argues the trial court erred in accepting the gross monthly sum of $2,476.42 as Mr. Derouen's income. She asserts that Mr. Derouen's W2 form shows that he earned $35,000.00 in 2003, which is an average monthly figure of $2,916.00. Next, Mrs. Derouen states that the trial court has the discretion to examine a spouse's entire financial condition, which includes earning capacity. She argues that the trial court erred in not considering Mr. Derouen's earning capacity; he had suffered a gradual decrease in income as a result of moving into a department with fewer overtime opportunities. However, Mr. Derouen testified that he did not purposely reduce his income to avoid paying child support. In fact, he stated that the reason he switched to a lower-paying position was to allow him to spend more time with his family and less working overtime. Finally, Mrs. Derouen suggests that Mr. Derouen's expenses increased from $1,236.72 to $1,697.99, implying that he inflated his expenses to avoid paying spousal support. However, Mr. Derouen submitted receipts to the trial court. The trial court reviewed his expense statements and did not commit manifest error in accepting his expenses as true. Although Mrs. Derouen has demonstrated her need for interim spousal support, Mr. Derouen has equally demonstrated his inability to pay. The trial court did not commit reversible error in concluding that Mr. Derouen could not both meet his monthly expenses, including child support, and pay any amount of spousal support.

7

IV.

**CONCLUSION**

For the above reasons, the judgment of the trial court is affirmed.  Costs of appeal are assessed to appellant, Pamela Nunez Derouen.

**AFFIRMED**.