NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-161

SALLY ELIZABETH KITCHEN

VERSUS

WILLIAM PERRY KITCHEN

**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 81,892, DIV. C
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**AFFIRM.**

Elvin C. Fontenot, Jr.
Attorney at Law
110 East Texas Street
Leesville, LA 71446
(337) 239-2684
Counsel for Defendant-Appellant:
William Perry Kitchen

Scott Westerchil
Attorney at Law
301 South 3rd Street
Leesville, LA 71446
(337) 238-0019
Counsel for Plaintiff-Appellee:
Sally Elizabeth Kitchen

**PICKETT, Judge.**

William Kitchen appeals a judgment of the trial court awarding his former wife Sally Kitchen interim spousal support.

## STATEMENT OF THE CASE

William and Sally Kitchen were married for six years. Sally filed a Petition for Divorce on August 26, 2009, in which she also sought interim spousal support. Following a hearing on November 2, 2009, the trial court ordered William to pay Sally $1700.00 per month in interim spousal support retroactive to August 26, 2009, subject to a credit of $100.00 that William had already paid Sally. The trial court signed a judgment in conformity with its written reasons on November 20, 2009. William now appeals.

## ASSIGNMENT OF ERROR

On appeal, William Kitchen asserts one assignments of error:

The award of interim spousal support herein was error or alternatively that the award by the trial court was excessive.

## DISCUSSION

Louisiana Civil Code article 113 provides the basis for the award of interim spousal support. It states, in pertinent part:

Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce.

This court discussed interim spousal support in *Derouen v. Derouen*, 04-1137, pp. 3-4 (La.App. 3 Cir. 2/2/05), 893 So.2d 981, 984:

The Louisiana Civil Code's regulations on interim spousal support are "designed to assist the claimant spouse in sustaining the

1

same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce." *Smoloski v. Smoloski*, 01-485, p. 2 (La.App. 3 Cir. 10/3/01), 799 So.2d 599, 601. A spouse's right to claim interim periodic support "is grounded in the statutorily imposed duty on spouses to support each other during marriage, and thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation." *Brar v. Brar*, 01-370, p. 5 (La.App. 3 Cir. 10/3/01), 796 So.2d 810, 813. Interim support preserves parity in the levels of maintenance and support, and avoids "unnecessary financial dislocation until a final determination of support can be made." *Jones v. Jones*, 38,790, p. 15 (La.App. 2 Cir. 6/25/04), 877 So.2d 1061, 1072.

The trial court exercises considerable discretion in determining whether or not to award interim spousal support, and its decision will not be overturned on appeal absent a clear abuse of that discretion. *Derouen*, 893 So.2d 891.

In this case the record establishes that Sally did not work for the six years she and William were married, though she had worked before her marriage. She has earned two associate degrees and had been employed by an attorney, but quit her job two weeks before she and William married. Sally and William lived in a large home in Oklahoma while they were married. She seldom purchased new clothes during the marriage. The couple had only one vehicle that William used for work.

Sally asked the court for $2372.00 in interim spousal support. Since they have separated, Sally has lived with her daughter. Her request for support included money for her to purchase a vehicle, insurance for the vehicle, and fuel, since she had no means of transportation. It included rent and utilities, and a $200 per month clothing allowance. It also included amounts for laundry, grooming, household supplies, and food.

The evidence shows that before taxes William made $5884.62 every four weeks, which means his monthly salary is $6375.00 per month. In his affidavit listing his income and expenses, he indicated that after expenses every month, he had a net

2

loss of $355.37. However, William admitted during his testimony that the expenses for household income were $200, not $700 as listed in the affidavit. Also, he lists a monthly loan payment on two trailers of $1350.00, but does not include the rental income from the trailers. These three adjustments to William's income and expense affidavit indicate that his net income is approximately $2000.00 higher than he claims, or approximately $1700.00.

We find that the trial court did not clearly abuse its discretion in its findings regarding the needs of Sally, the ability of William to pay, and the standard of living of the couple during the marriage. We therefore affirm the judgment of the trial court.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.