STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-356

PAMELA NICOLE BORDELON

VERSUS

JODY JOHN BORDELON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 263,990
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

**Eugene P. Cicardo, Jr.**
**Law Office of Eugene P. Cicardo, Jr.**
**Post Office Box 11976**
**Alexandria, LA 71315-1976**
**(318) 445-2097**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jody John Bordelon**

**Steven P. Mansour**
**Attorney at Law**
**2230 South MacArthur Drive**
**Rayford Building, Suite One**
**P.O. Box 13557**
**Alexandria, LA 71315-3557**
**(318) 442-4855**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Pamela Nicole Bordelon**

**SAUNDERS, Judge.**

This case involves an appeal from a trial court judgment awarding interim spousal support. The payor spouse filed the present appeal and argues that the trial court abused its discretion in the matter. Before us is the payor spouse's appeal of the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY:**

Jody and Pamela Bordelon were wed on September 1, 1995, in Avoyelles Parish, Louisiana. Thereafter, the couple established their marital domicile in Rapides Parish, Louisiana. Two children were born of the marriage.

On January 22, 2019, Pamela filed a petition for divorce under La.Civ. Code art. 102 prior to physical separation of the couple, which occurred on March 6, 2019. The petition requested relief incidental to divorce proceedings, including interim spousal support, child support for the couple's one minor child, Pamela's use of the family home, and a request to have Jody pay for the minor child's private school expense.

On August 2, 2019, Pamela filed an amended petition wherein she requested that Jody use and occupy the family home and pay fair rental value to her. Thereafter, on August 8, 2019, Jody and Pamela settled all but three issues: the amount of child support owed and the percentages of each party; whether tuition, activity fees, and registration fees paid by Jody should be used to partially offset any child support obligations he may have; and whether Pamela was entitled to interim spousal support.

Trial was set on the issues for October 7, 2019. The parties stipulated as to income and basic child support obligations at a pretrial conference per La.R.S. 9:315.2, leaving the trial court to decide the actual award after considering the contribution and extraordinary expenses paid by Jody. After a hearing on the matter,

the trial court reached a judgment that Jody was to pay Pamela, *inter alia*, $600.00 per month in interim spousal support effective April 1, 2019.

After the trial court denied Jody's motion for reconsideration despite his introducing some new evidence, Jody appeals the judgment of the trial court. That appeal is now before this court wherein he asserts a single assignment of error regarding the propriety of Pamela's award for interim spousal support. Pamela failed to answer this appeal.

## DISCUSSION OF THE MERITS:

In his sole assigned error, Jody asserts that the trial court abused its discretion in granting Pamela an award for interim spousal support. He bolsters his assertion with three arguments which we will address below.

Louisiana Civil Code Article 113 governs the award of interim spousal support. Article 113 states: "the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage." La.Civ.Code art. 113. The statute mandates that the award terminate when a judgment for divorce is rendered, but support may be assessed retroactively. *Pourciau v. Pourciau*, 624 So.2d 23 (La.App. 5 Cir.1993). Article 113 was enacted as such in 1997, and replaced the term *alimony pendent lite* with *interim spousal support*, but the factors required to assess an award were not changed.

The Louisiana Civil Code's regulations on interim spousal support are "designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce." *Smoloski v. Smoloski*, 01-485, p. 2 (La.App. 3 Cir. 10/3/01), 799 So.2d 599, 601. A spouse's right to claim interim periodic support "is grounded in the statutorily imposed duty on spouses to support each other during marriage, and thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation." *Brar v. Brar*, 01-370, p. 5 (La.App. 3 Cir. 10/3/01), 796 So.2d 810, 813. Interim support preserves parity in the levels of maintenance and support, and avoids "unnecessary financial dislocation until a final determination of support can be made." *Jones v. Jones*, 38,790, p. 15 (La.App. 2 Cir. 6/25/04), 877 So.2d 1061, 1072.

The trial court enjoys considerable discretion in its decision to award interim support. Their decision will not be disturbed on appeal absent a clear abuse of discretion. *Smoloski*, 799 So.2d 599; *Brar*, 796

2

So.2d 810. An abuse of discretion will not be found if the record supports the trial court's conclusions about the means of the payor spouse and his or her ability to pay.

   To determine whether a claimant spouse is entitled to receive interim support, the trial court must assess the needs of that spouse, the ability of the non-claimant spouse to pay, and their standard of living during the marriage. La.Civ.Code art. 113.

*Derouen v. Derouen*, 04-1137, pp. 3-4 (La.App. 3 Cir. 2/2/05), 893 So.2d 981, 983-84 (footnote omitted).

Jody's first argument regarding the impropriety of the trial court's awarding Pamela interim spousal support is that it erroneously considered items of expense which are not related to Pamela's needs. Jody initially points out that Pamela's exhibit related to medical expenses were for both their major and minor child, and some of those medical expenses were old debts more properly considered in a community partition. As such, according to Jody, these expenses were improperly accepted at full value when the trial court did its calculations for interim spousal support.

At trial, Pamela countered Jody's assertions regarding medical bills by testifying that since leaving the matrimonial domicile she had been paying the medical expenses for both children and never received any reimbursement from Jody for those expenses. Further, she testified that normally the couple would pay those expenses. As such, paying these medical bills were expenses she incurred after leaving the matrimonial domicile.

Given Pamela's testimony and the applicable statutory language, we cannot say that using these medical expenses in its calculations for Pamela's interim spousal support was an abuse of the trial court's considerable discretion. There is evidence in the record that supports finding that Pamela had a need to pay those expenses,

3

Jody had the means to pay those needs, and the standard of living for the former couple included paying for those medical expenses.

Jody's final assertion related to the trial court's calculation of Pamela's needs is that it improperly included Pamela's incurred attorney's fees as part of her needs. We find merit to this assertion.

Louisiana Civil Code Article 2362.1(A) states, "[a]n obligation incurred before the date of a judgment of divorce for attorney fees and costs in an action for divorce and in incidental actions is deemed to be a community obligation." Here, while Pamela may be making monthly payments for her incurred attorney's fees, the fact remains that the attorney's fees both she and Jody incurred in this matter are specifically part of the proceedings when the parties attempt to partition the community. Accordingly, we find error by the trial court in including these expenses incurred by Pamela as part of her needs.

However, in reviewing the record, the trial court also included Jody's attorney's fees as part of his expenses in calculating his ability to pay. Jody's ability to pay is also a factor in the trial court's consideration of whether Pamela was entitled to interim spousal support, and, if so, to what extent. Considering the difference in each's allocated expense toward attorney's fees is negligible ($666.66 monthly expense of Pamela's while a $625.00 monthly expense of Jody's for a difference of $41.66), we find this error harmless.

Next, Jody contends that the trial court failed to consider Pamela's assets, income, and standard of living since leaving the matrimonial domicile when making its determination regarding interim spousal support. According to Jody, Pamela's financial standard of living has improved since leaving the matrimonial domicile.

Jody's argument to support his position is based on his framing of the following facts: Pamela purchased a $310,000.00 home, Pamela paid off her car

note in March 2020, Pamela had more money in her checking account on a certain date than on the date she filed her petition for divorce, Pamela took vacations to California and Florida, Pamela attended two concerts, and Pamela is not behind on any of her bills, including the new house note.

In our review of the record, we find that Pamela's new house is roughly of the same standard as that she lived in during the marriage, but that this $310,000.00 house is subject to a $292,000.00 mortgage rather than the family home's remaining mortgage of approximately $45,000.00. Thus, this new house is not indicative of a better standard of living after her leaving the matrimonial domicile. Rather, it is indicative that her purchase and use of the new home is simply an attempt to maintain her standard of living she had during the marriage.

There is no evidence in the record as to whether Pamela's paying of her final car note was due to a sudden influx of wealth or simply when the final note on her vehicle was due. Thus, we find this fact of no value towards Jody's assertion.

The record includes testimony that the difference in the balance of Pamela's checking account can simply be attributed to the time of the month. The higher balance was when Pamela had just gotten paid and prior to any monthly bills being withdrawn. The lower amount was when the monthly bills had been paid. The trial court was certainly within its discretion to find this fact pointed out by Jody to be of little relevance in considering Pamela's need.

Finally, there is testimony in the record that attendance of the concerts and vacations were nothing more than Pamela enjoying the same standard of living as when she lived in the matrimonial domicile as these activities were paid for while the couple was still living together, were intended for the couple to attend together, and were not in excess of Pamela's standard of living when she lived in the matrimonial domicile.

5

Accordingly, we find no merit to Jody's argument that Pamela's financial standard of living has improved since leaving the matrimonial domicile. There is sufficient evidence in the record to uphold the trial court's finding regarding Pamela's financial standard of living as reasonable and not an abuse of discretion.

Finally, Jody contends that the trial court erred by failing to attribute child support paid by Jody to Pamela as income for Pamela when it made its interim spousal support determination. Jody cites this court's unpublished opinion in *Charrier v. Charrier*, 19-917 (La.App. 3 Cir. 6/3/20) (unpublished opinion). In *Charrier*, this court, in calculating a party's net income, included $250.00 in child support the party was receiving monthly. While this was done in *Charrier*, we did not establish a bright-line rule that a trial court include child support payments received in a party's income when deliberating the appropriate interaction between child support and interim spousal support. A bright-line rule to add all child support received by a party to his or her gross income is substandard to having it depend on whether a party includes expenses specifically associated with a minor child in his or her monthly expenses. Further, even if some of the expenses specifically associated with a minor child are included in a party's listed expenses, we find it more fitting with the discretionary nature of interim spousal support for the trial court to choose whether to add some or all the child support awarded to a party to that party's income. See La.Civ.Code art. 113 and established jurisprudence indicating that the trial court is given much discretion when deliberating interim spousal support.

Here, it is established by Pamela's testimony that Jody had been paying her $805.00 "[f]or child support" since March of 2019. However, it was also established in the record that Jody, through his counsel, stipulated to Pamela's income as "Eleven Thousand Three Sixty-three" ($11,363.00). The affidavit of average

6

monthly income and expenses submitted by Pamela indicates her gross income was $10,530.00. In viewing the record, this court cannot find what basis the parties used to stipulate Pamela's monthly gross income to be $11,363.00, an increase of $833.00.

Further, in reviewing the trial court's oral deliberations of Pamela's expenses, it states that it is including those expenses associated with the couple's major child because those are expenses of Pamela's. Thereafter, the trial court removed several expenses Pamela claimed and portions of others. It is not clear whether the trial court reduced some of Pamela's claimed expenses, such as food or clothing, to account for her receipt of child support from Jody for the couple's minor child.

Therefore, we cannot determine whether the parties included Pamela's receipt of child support payments in her gross income in reaching this stipulation. Moreover, in our review of the record, we cannot say for certain whether the trial court failed to include any or all of Jody's child support payments to Pamela as part of Pamela's gross income in its interim spousal support deliberations, or whether it simply reduced her expenses based on her receipt of child support payments.

What this court can say is that Jody's list of monthly expenses includes $805.00 for child support. It is clear from the record that the trial court did include this as a monthly expense for Jody in its calculations. Thus, we conclude that the trial court clearly considered Jody's child support payments when making its decision regarding the amount of interim spousal support to award to Pamela.

Accordingly, we find no abuse of the trial court's discretion in awarding Pamela interim spousal support. Each of the items submitted for review by Jody are either without merit or amount to harmless error.

7

## CONCLUSION:

Jody Bordelon raises a single assignment of error, that the trial court abused its discretion in granting Pamela Bordelon an award for interim spousal support. Jody Bordelon supports the assigned error with several arguments. We find no merit to any of these arguments except the trial court including attorney's fees as an expense for Pamela Bordelon. However, in reviewing the record, the trial court also included attorney's fees in Jody Bordelon's monthly expenses, and each party's attorney's fees were roughly the same amount. Thus, we find this error by the trial court to be harmless. Accordingly, the judgment of the trial court awarding Pamela Bordelon an award for interim spousal support is affirmed. Costs of these proceedings are assessed to Jody Bordelon.

**AFFIRMED.**