689 So.2d 478 (1996)
Freda Holland DAIGLE, Plaintiff-Appellant,
v.
Wilson Joseph DAIGLE, Defendant-Appellee.
No. 96-541.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*479 Philip Collins Kobetz, Lafayette, for Freda Holland Daigle.
Anthony Fazzio, Helen Joane Popich, Lafayette, for Wilson Joseph Daigle.
Before WOODARD, DECUIR and PETERS, JJ.
WOODARD, Judge.
Defendant appeals the trial court's ruling ordering him to pay alimony pendente lite asserting that his wife had sufficient means for support and that the amount awarded was excessive. We affirm.

FACTS
Wilson Joseph Daigle and Freda Holland Daigle were married on August 4, 1985, in Lafayette Parish, Louisiana, and they physically separated on April 3, 1995. No children were born of the marriage. On June 22, 1995, Mrs. Daigle filed a petition for divorce under La.Civ.Code art. 102, seeking a divorce, a temporary restraining order against the disposal or encumbrance of community property and alimony pendente lite. On July 14, 1995, a hearing officer conference was held regarding alimony pendente lite, and a recommendation that Mrs. Daigle receive $1,575.00 per month was rendered.
On August 15, 1995, Mr. Daigle filed an Answer to Petition for Divorce and Determination of Incidental Matters and Reconventional Demand. On September 11, 1995, the parties stipulated to mutual injunctive relief and the district court, finding no error in the hearing officer's recommendation, rendered a judgment granting Mrs. Daigle $1,575.00 a month in alimony pendente lite, retroactive to June 22, 1995, the date of judicial demand, with credit for the amounts already paid by Mr. Daigle since that date. The court also ordered Mr. Daigle to continue to maintain health insurance on Mrs. Daigle.
Mr. Daigle appeals from this judgment.

ASSIGNMENTS OF ERROR
Mr. Daigle claims the following assignments of error:
(1) The trial court erred in awarding Mrs. Daigle any alimony pendente lite because it failed to consider Mrs. Daigle's earning capacity, and
(2) The trial court erred in the amount of alimony pendente lite awarded.

LAW
Under La.Civ.Code art.148, the purpose of alimony pendente lite is to temporarily, pending litigation, provide for the spouse who does not have sufficient income for his or her maintenance and to preserve the status quo insofar as maintenance and support are concerned. Lamb v. Lamb, 427 So.2d 899 (La.App. 3 Cir.1983); Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2 Cir.1980). Article 148 was amended by Acts 1990, No. 361, § 1, and renumbered as Article 111. *480 The substance, however remains the same. By definition, alimony pendente lite is awarded prior to any final divorce decree and, as such, flows from the obligation of support which spouses owe each other. La.Civ.Code art. 98.
A spouse demonstrates a need for alimony pendente lite if s/he establishes that s/he lacks sufficient income to sustain the style or standard of living that s/he enjoyed while s/he resided with the other spouse. Hollowell v. Hollowell, 437 So.2d 908, 909 (La.App. 2 Cir.1983). In determining alimony pendente lite, the trial judge is vested with wide discretion and only manifest abuse of this discretion will move this court to disturb an award of the trial court. Desormeaux v. Montgomery, 576 So.2d 1158 (La. App. 3 Cir.1991); Lamb v. Lamb, 427 So.2d at 900. An abuse of discretion will not be found if the record supports the trial court's conclusion that the payor spouse has the means to pay the amount that the trial court awarded. Mouton v. Mouton, 514 So.2d 528 (La.App. 3 Cir.1987).

EARNING CAPACITY OF THE CLAIMANT SPOUSE
As his first assignment of error, Mr. Daigle asserts that the trial court erred in awarding Mrs. Daigle alimony pendente lite because it failed to consider Mrs. Daigle's earning capacity.
In this circuit, evidence of a claimant spouse's earning capacity is a proper consideration in determining whether an award for alimony pendente lite is justified. Morris v. Morris, 413 So.2d 285 (La.App. 3 Cir.1982); Hardee v. Hardee, 551 So.2d 846 (La.App. 3 Cir.1989). Earning capacity of the claimant spouse is not the only factor to be considered in making an award under Article 111, however. This circuit also recognizes that the purpose of alimony pendente lite is to preserve the status quo insofar as maintenance and support are concerned. Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3 Cir. 1984). Mr. Daigle asserts that Mrs. Daigle was the sole proprietor of the Tanning Resort, a business owned by the spouses, and was employed there until the time she left Mr. Daigle. From these facts, Mr. Daigle asserts that Mrs. Daigle would have sufficient income for her support and maintenance were she to return to managing the Tanning Resort. Evidence at trial, however, showed that Mrs. Daigle only worked at the Tanning Resort an average of two hours a day. Furthermore, evidence showed that, while Mrs. Daigle was listed as the sole proprietor of the Tanning Resort, Mr. Daigle not only had control of the funds from the Tanning Resort, but often withdrew money from the Tanning Resort for his own needs. The trial court went on to find that Mrs. Daigle was wholly dependent on Mr. Daigle to pay her money from the Tanning resort, as he had sole access to the checkbook for the business. In addition, the trial court found that Mrs. Daigle was wrongfully classified as an employee of the Tanning Resort in order for her and her husband to deduct the money spent for her IRA.
From these facts, the trial court found that Mrs. Daigle was not regularly employed during the marriage, that Mr. Daigle received income from the Tanning Resort, and that Mr. Daigle controlled the income which the Tanning Resort generated. These findings cannot be said to be manifestly erroneous and, as such, they are upheld.

AMOUNT OF ALIMONY PENDENTE LITE
Mr. Daigle's second assignment of error is that the trial court, even upon a finding that Mrs. Daigle was entitled to alimony pendente lite, erred in the amount of alimony pendente lite awarded. In support of this assertion, Mr. Daigle claims that the Tanning Resort is not, in fact turning a profit sufficient to support the award for alimony pendente lite.
If an award is within the legal limits and based upon facts supported by the record, this court will not alter the amount of the award in the absence of an abuse of the trial judge's great discretion to set such awards. Davy v. Davy, 469 So.2d 481 (La.App. 3 Cir.1985). In assessing alimony pendente lite, all resources, not only income, from which the wants of life may be supplied, must be examined. Mouton, 514 So.2d at 530.
In the present case, the trial court determined that Mr. Daigle earned $29,032.50 a year from his employment with Timco Services, *481 Inc. The court further found that the Tanning Resort generated approximately $16,000 a year in disposable income. Through testimony and evidence introduced at trial, it was evident that Mr. and Mrs. Daigle had not reported all the income derived from the Tanning Resort on their tax returns. Furthermore, evidence showed that Mr. Daigle had claimed deductions for expenses of the Tanning Resort which were not expenses, and which were properly determined to be income to Mr. Daigle. In light of these facts, and the difficulty in determining the actual income of the Daigles' and the Tanning Resort due to the irregularities in both the business records and the tax returns filed by the Daigles, we cannot say that the trial court abused its discretion.

CONCLUSION
For the foregoing reasons, the judgment of the trial court awarding Mrs. Daigle alimony pendente lite is affirmed. Costs of this appeal are assessed to Mr. Daigle.
AFFIRMED.