799 So.2d 599 (2001)
Tammy Maxwell SMOLOSKI
v.
John Vincent SMOLOSKI.
No. 01-0485.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*600 Lloyd E. Hennigan, Jr., Jena, LA, Counsel for Tammy Maxwell Smoloski.
Paul A. Lemke, Harrisonburg, LA, Counsel for John Vincent Smoloski.
Court composed of NED E. DOUCET, Jr., Chief Judge, OSWALD A. DECUIR and MARC T. AMY, Judges.
AMY, Judge.
The appellant appeals a judgment awarding his wife interim spousal support during the pendency of their divorce. For the following reasons, we affirm.

Factual and Procedural Background
John V. Smoloski and Tammy Maxwell Smoloski were married on October 26, 1995, in LaSalle Parish, Louisiana. On November 22, 2000, Mrs. Smoloski filed for divorce. In the petition, Mrs. Smoloski requested interim spousal support. A hearing on this matter was held January 4, 2001, after which, the trial court ordered Mr. Smoloski to pay $550.00 per month interim spousal support. Mr. Smoloski appeals the judgment of the trial court.

Discussion of the Merits

Request for Written Reasons
In his third assignment of error, Mr. Smoloski requests that this case be remanded for the sole purpose of having the trial court assign written reasons for judgment and findings of fact in accordance with his previous request for the same. Due to the nature of this assignment of error, we address it first.
A final judgment in this matter was signed on January 10, 2001. On January 19, 2001, Mr. Smoloski filed a motion requesting that the trial court assign written reasons for judgment. Thereafter, he moved for a devolutive appeal on February *601 6, 2001. To date, there have been no written reasons issued by the trial court and Mr. Smoloski now requests that this matter be remanded so that the trial court may do so.
La.Code Civ.P. art.1917 states:
In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the signing of the judgment.
When a trial court fails to act on a timely request for written reasons for judgment the proper remedy is for the aggrieved party to seek a supervisory writ or file a motion for remand with the appellate court to permit the trial court to comply with the request. Rosella v. DeDe's Wholesale Florist, 607 So.2d 1055 (La.App. 3 Cir.1992); Brocato v. Brocato, 369 So.2d 1083 (La.App. 1 Cir.), writ denied, 371 So.2d 1341 (La.1979). Here, Mr. Smoloski has done neither, rather, he has included his request as an assignment of error. Consequently, we do not conclude a remand is necessary. We have reviewed the trial court's oral reasons for judgment, which have been transcribed and included in the record, and find that they adequately express the facts and law on which the trial court relied in its ruling. We conclude that the oral reasons provide Mr. Smoloski with a sufficient basis from which he could, and did, appeal. Determining that Mr. Smoloski has suffered no prejudice in his ability to assert this appeal, we find no merit in this assignment of error and proceed to consider his remaining two assignments.

Interim Periodic Support
In a proceeding for divorce, a party may move for and be awarded an "interim periodic allowance based on the needs of the party, the ability of the other party to pay, and the standard of living of the parties during the marriage." La.Civ. Code art. 113. A spouse's right to claim interim periodic support is based on the statutorily-imposed duty of spouses to support each other during their marriage. McAlpine v. McAlpine, 94-1594 (La.9/5/96); 679 So.2d 85. See La.Civ. Code art. 98. It is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce. Daigle v. Daigle, 96-541 (La.App. 3 Cir. 11/6/96); 689 So.2d 478. In determining an award of interim spousal support the trial court is vested with wide discretion, which will not be disturbed absent a clear abuse of that discretion. Id.

Monthly Expenses
In his first assignment of error, Mr. Smoloski asserts it was error for the trial court to rely on the amounts included in Mrs. Smoloski's estimated monthly expenses worksheet because they included expenses necessary for the support of her minor child from a previous marriage. He claims that the trial court has essentially ordered him to pay for Mrs. Smoloski's son's expenses as well as hers.
The record reveals that Mrs. Smoloski is currently unemployed, primarily because of health concerns, and that she receives $438.09 per month in SSI benefits from the federal government. As indicated on her monthly income and estimated expense's worksheet, Mrs. Smoloski claims to have $1,158.00 in total monthly debt. This sum includes expenses for food and household supplies in the amount of $300.00, which Mrs. Smoloski testified were estimates for both her and her son and $20.00 in educational expenses, which she admitted were entirely for her son. *602 In light of Mrs. Smoloski's testimony, the trial court reduced the food and household supply expense to $150.00 and eliminated the educational expense completely. Mr. Smoloski argues that the trial court should have also reduced Mrs. Smoloski's estimates for recreation, clothing, and transportation expenses, because they too include expenses for her son.
After review, we find no abuse by the trial court in its calculation of the total monthly expenses claimed by Mrs. Smoloski. While she testified that the food and educational expenses were directly related to her son, she also explained that all of her other expenses, which included rent, utilities, car maintenance, clothing, and recreation, would be approximately the same whether her son lived with her or not. We conclude that the trial court did not clearly abuse its discretion in relying on Mrs. Smoloski's estimates, as it amended them, and in determining that she was in need of interim spousal support. This assignment of error is without merit.

Mr. Smoloski's Ability to Pay
Mr. Smoloski is a commercial fisherman whose income allegedly averages $1,000.00 per month. However, from September of 2000 through the date of the support hearing in January 2001, Mr. Smoloski had been working as a carpenter, building a house for his brother-in-law in New York. For his work as a carpenter, Mr. Smoloski testified that he is paid $750.00 weekly. Mrs. Smoloski argued that the discrepancy between Mr. Smoloski's income as a commercial fisherman and that of a carpenter, evidences his ability to earn an income greater than the alleged $1,000.00 per month and, accordingly, his ability to pay her interim periodic support.
In its oral reasons for judgment, the trial court explained that when determining a spouse's "ability" to pay interim spousal support, "it is not necessarily what the party is earning, it's what the party is able to earn." Mr. Smoloski asserts that his earning capacity is not a proper consideration and the trial court erred in considering his ability to earn a higher income as a carpenter than as a commercial fisherman.
As we stated previously, a trial court is vested with wide discretion in awarding interim periodic support. Daigle, 96-541; 689 So.2d 478. Encompassed within this "wide discretion," is the ability of the trial court to examine a spouse's entire financial condition, which is not limited only to income, but also any resource from which the wants of life can be supplied, including a spouse's earning capacity. Goldberg v. Goldberg, 96-2145 (La. App. 4 Cir. 7/23/97); 698 So.2d 63.
We conclude that it was not an abuse of discretion for the trial court to consider Mr. Smoloski's ability to earn wages as a carpenter since he did in fact work and earn wages in that capacity during his marriage to Mrs. Smoloski. Therefore, we find no error in the trial court's determination that Mr. Smoloski was able to pay $550.00 per month in interim periodic support. This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant/appellant, John Vincent Smoloski.
AFFIRMED.