# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-272

BILLYE JO JETER GORDON

V.

MICHAEL ELBERT GORDON

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71,089
HONORABLE JOHN C. FORD, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

**D. Wayne Bush**
**S. Christie Smith, IV**
**The Smith Law Firm, L.L.P.**
**300 Courthouse Street**
**Post Office Drawer 1528**
**Leesville, Louisiana 71496**
**(337) 239-2244**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Billye Jo Jeter Gordon

**Judi F. Abrusley**
**407 East Sixth Avenue, Suite 2**
**Post Office Drawer 1114**
**Oakdale, Louisiana 71463**
**(318) 335-9771**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Michael Elbert Gordon**

**GENOVESE, JUDGE.**

In this domestic case, Billye Jo Jeter Gordon (Ms. Gordon) appeals the trial court judgment denying her claim for interim spousal support from Dr. Michael Elbert Gordon (Dr. Gordon). For the following reasons, we affirm.

## FACTS

Dr. and Ms. Gordon were married on July 1, 2001. On July 10, 2003, the parties physically separated. Ms. Gordon filed a petition for divorce on July 17, 2003, seeking, among other matters incidental to the divorce, interim spousal support. On July 19, 2004, the trial court granted the judgment of divorce. Inexplicably, Ms. Gordon's rule for interim spousal support was not heard until October 5, 2006. The trial court denied Ms. Gordon's claim for interim spousal support, and a judgment in accordance therewith was signed on November 9, 2006. It is from this judgment that Ms. Gordon appeals.

## ISSUE

The sole issue presented for our review is whether the trial court erred in denying Ms. Gordon's claim for interim spousal support.

## LAW AND DISCUSSION

### Standard of Review

> The trial court enjoys considerable discretion in its decision to award interim support. Their decision will not be disturbed on appeal absent a clear abuse of discretion. *Smoloski [v. Smoloski*, 01-485 (La.App. 3 Cir. 10/3/01)], 799 So.2d 599; *Brar [v. Brar*, 01-370 (La.App. 3 Cir. 10/3/01)], 796 So.2d 810. An abuse of discretion will not be found if the record supports the trial court's conclusions about the means of the payor spouse and his or her ability to pay.

*Derouen v. Derouen*, 04-1137, p. 4 (La.App. 3 Cir. 2/2/05), 893 So.2d 981, 984.

1

*Interim Spousal Support*

Louisiana Civil Code Article 113 provides that a "court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage. . . ."

> A spouse's right to claim interim periodic support is based on the statutorily-imposed duty of spouses to support each other during their marriage. *McAlpine v. McAlpine*, 94-1594 (La. 9/5/96); 679 So.2d 85. It is designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce. *Daigle v. Daigle*, 96-541 (La.App. 3 Cir. 11/6/96); 689 So.2d 478. Interim periodic support exists "to maintain the status quo without unnecessary economic dislocation until a determination of the amount of final support can be made, and until a period of time for adjustment elapses that does not exceed, as a general rule, one hundred eighty days after the judgment of divorce." *Defatta v. Defatta*, 32,636, 32,637, p. 2 (La.App. 2 Cir. 2/1/00), 750 So.2d 503, 504-05.

*Speight v. Speight*, 03-1152, p. 2 (La.App. 3 Cir. 2/4/04), 866 So.2d 344, 346.

Finally, when awarding interim spousal support it "is the ability of the trial court to examine a spouse's entire financial condition, which is not limited only to income, but also any resource from which the wants of life can be supplied, including a spouse's earning capacity." *Smoloski v. Smoloski*, pp. 4-5 (La.App. 3 Cir. 10/3/01), 799 So.2d 599, 602 (citing *Goldberg v. Goldberg*, 96-2145 (La.App. 4 Cir. 7/23/97), 698 So.2d 63).

In the case at bar, though counsel in their respective briefs address the needs, *vel non*, of Ms. Gordon, the trial court, in its oral reasons for judgment, based its ruling solely upon the inability of Dr. Gordon to pay interim spousal support. It is only this factual determination that is assigned as error on appeal. The issue of Ms. Gordon's needs, as set forth in Louisiana Civil Code Article 113, is not before this court. Therefore, we shall only address the issue of the ability of Dr. Gordon to pay

2

interim spousal support.

***Ability to Pay***

Ms. Gordon contends that the trial court erred in finding that Dr. Gordon did not have the ability to pay interim spousal support and failed to consider his earning capacity or other sources of income.

> In assessing a spouse's ability to pay, the court must consider his or her means. Means includes "any resources from which the wants of life may be supplied," requiring an assessment of the entire financial condition of the payor spouse. *Dagley v. Dagley*, 96-1796, p. 4 (La.App. 4 Cir. 5/21/97), 695 So.2d 521, 523. Entire financial condition "is not limited to income, but also includes any resource from which his or her needs can be supplied, including a spouse's earning capacity." *Hitchens [ v. Hitchens*, 38,339, p. 3 (La.App. 2 Cir. 5/12/04)], 873 So.2d [882,] 884-85.

*Derouen*, 893 So.2d at 985.

However, as this court recognized in *Derouen*, "[i]n several cases, courts have found that the payor spouse was financially unable to provide any support at all." *Id*. In some cases, "[t]he payor spouse's inability to pay thus obviates the claimant spouse's request for interim support, despite having established need." *Id.* at 985-86.

Considerable evidence was presented to the trial court on the "pretty substantial standard of living" Dr. and Ms. Gordon enjoyed during their marriage. However, germane to the issue presently before this court is the trial court's factual determination that Dr. Gordon "doesn't have the ability to pay anymore than what he has already paid in the form of interim spousal support. . . . " We find that the record supports the trial court's conclusions relative to the means of Dr. Gordon and his inability to pay interim spousal support. Therefore, we find no abuse of the trial court's discretion in denying Ms. Gordon's claim for interim spousal support.

The record reveals that Dr. Gordon worked as a dentist for twenty-eight years.

3

However, his dental office has been closed since September of 2004. Dr. Gordon testified that he had not worked in two years, that he has no money, and that he has no income. It was also his testimony that he has no personal funds, that he owns no real estate, and that he has no credit cards. Dr. Gordon admitted that he did at one time have assets in some investment accounts, but he was forced to deplete it to meet expenses. According to Dr. Gordon, his "money ran out a year ago, [and his] mother is supporting [him]." It was the unrefuted testimony of Dr. Gordon that he does not have any funds, that his mother pays his expenses such as his electricity bill, water bill, and car insurance, and that when he needs "a dollar" he must ask his mother for it.

The trial court recognized that "[i]t may be, . . . that [Dr. Gordon's] got a bunch of cash squirreled away in a cigar box somewhere, but that's speculative, speculation." However, the trial court correctly opined that it "simply can not speculate and conclude that he has money that belongs to him in the possession of his mother with which to pay." Thus, the trial court found that "he simply doesn't have the ability to pay according to the evidence."

The trial court also noted the significant payments made by Dr. Gordon to Ms. Gordon between the date of their separation, July 17, 2003, and the date of trial, October 5, 2006. It was established that despite Dr. Gordon's financial condition, he continued to pay Ms. Gordon's health insurance until September 2004, and paid for the insurance on the vehicle which Ms. Gordon had in her possession until August 21, 2006. It is evident from the trial court's oral reasons for judgment that the amount of these payments were considered by the court in ruling on the claim for interim spousal support. Additionally, the trial court made it clear in its judgment that what

4

Dr. Gordon "paid so far . . . satisfies his obligation for interim support" and that said obligation ceased as of the date of trial.

**Voluntary Unemployment**

Although Ms. Gordon contends that Dr. Gordon is voluntary unemployed, the evidence does not support this contention, and Ms. Gordon, who has the burden of proof under La.Civ. Code art. 113, has failed to prove same. Dr. Gordon testified that he has not worked for over two years. Dr. Gordon further testified that he wants to return to work as a dentist; however, he has not done so at the instruction of his criminal attorney due to "pending matters." The record does not reveal the nature of these matters, nor the circumstances surrounding same. There being nothing further in the record on this issue, we find that Ms. Gordon has failed to establish, much less prove, that Dr. Gordon's unemployment is, in fact, voluntary. Considering that the burden of proving entitlement to interim support rests with the party seeking same, and considering the record before us, we find that the trial court did not abuse its discretion relative to Ms. Gordon's claim for interim support.

## DECREE

For the foregoing reasons, we affirm the trial court judgment denying Billye Jo Jeter Gordon's claim for interim spousal support.

Costs of this appeal are assessed against Billye Jo Jeter Gordon.

**AFFIRMED**.