# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-60


RHONDA TYLER

VERSUS

JERRY M. TYLER


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 250,443
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

## D. KENT SAVOIE
## JUDGE

**********

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.


**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**

**Eugene P. Cicardo Jr.**
**Joseph M. Reynolds**
**Law Office of Eugene P. Cicardo Jr.**
**P. O. Box 1128**
**Alexandria, LA 71309-1128**
**(318) 445-2097**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Jerry M. Tyler**

**Steven P. Mansour**
**Becky B. Beck**
**Attorney & Counselor at Law**
**2230 South MacArthur Drive**
**Suite 1**
**Alexandria, LA 71301**
**(318) 442-4855**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Rhonda P. Tyler**

**Becky B. Beck**
**Attorney & Counselor at Law**
**2230 South MacArthur Drive**
**Suite 1**
**Alexandria, LA 71301**
**(318) 442-4855**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Rhonda P. Tyler**

**SAVOIE, Judge.**

Jerry M. Tyler (Jerry) appeals the ruling of the trial court denying Jerry's petition for interim spousal support, granting Rhonda P. Tyler's (Rhonda) exception of no cause of action, and dismissing Jerry's claims for permanent periodic spousal support. For the following reasons, we affirm in part, reverse in part, and render judgment on the issue of permanent periodic spousal support.

## FACTS AND PROCEDURAL HISTORY

Jerry and Rhonda were married on September 7, 1979. On June 25, 2014, Rhonda moved out of their home and filed for divorce pursuant to La.Civ.Code art. 102. Jerry filed an answer with numerous requests, including requests for interim and final spousal support. An interim order, stipulated by the parties, was signed by the court on March 4, 2015, and required Rhonda to pay Jerry a specific amount each month in spousal support.

The trial court heard the interim spousal support motion on July 30, 2015, issuing written reasons on August 10, 2015. Judgment was signed September 8, 2015, with the trial court denying Jerry's request for interim spousal support and casting him with all costs including the expert fee of Dr. Bryan and the court reporting fee. The final periodic spousal support was heard on August 11, 2015. At that hearing, Rhonda's counsel orally asserted exceptions of no cause of action and res judicata.[1] The trial court granted the exception of no cause of action and dismissed the claims for permanent spousal support. Judgment was signed September 8, 2015. Jerry now appeals.

## ASSIGNMENTS OF ERROR

---

[1] The trial court did not rule on the exception of res judicata. It is not clear from the transcript if, in fact, an exception of res judicata was filed and, if failed, whether it has any merit.

1. The trial court applied wrong principles of law in adjudicating Jerry Tyler's claim for interim spousal support, to his prejudice. This constitutes legal error which can be corrected upon a de novo review of the record.

2. In the alternative, the trial court's ruling was manifestly erroneous and clearly wrong.

3. The trial court erred in qualifying Mr. Clarence Melcher as an expert witness in the field of construction management, permitting him to testify as to economic conditions in the local job market.

4. The trial court erred in admitting Dr. Hugh Bryan's deposition over Jerry's assertion of the Healthcare Provider-Patient Privilege.

5. The trial court erred in granting Rhonda's peremptory exception of no cause of action.

## LAW AND DISCUSSION

*I. Assignment of Error Number One*

The authority and guidelines for assessing interim spousal support can be found in La.Civ.Code arts. 111 and 113. Louisiana Civil Code article 111 provides the following:

> In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles.

Regarding the spousal support allowance, La.Civ.Code art. 113(A) states:

> Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, any interim allowance or final child support obligation, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce.

Jerry seeks a reversal of the trial court's decision denying him interim spousal support and dismissing his claim for permanent spousal support. "The trial court's determinations on these domestic relations issue are to be given great

deference on appellate review.  Therefore, the trial court's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong." *Guillory v. Guillory*, 08-1375, p.3 (La.App. 3 Cir. 4/1/09), 7 So.3d 144, 147 (citations omitted).

> The Louisiana Civil Code's regulations on interim spousal support are "designed to assist the claimant spouse in sustaining the same style or standard of living that he or she enjoyed while residing with the other spouse, pending the litigation of the divorce." *Smoloski v. Smoloski,* 01–485, p. 2 (La.App. 3 Cir. 10/3/01), 799 So.2d 599, 601. A spouse's right to claim interim periodic support "is grounded in the statutorily imposed duty on spouses to support each other during marriage, and thus, provides for the spouse who does not have sufficient income for his or her maintenance during the period of separation." *Brar v. Brar,* 01–370, p. 5 (La.App. 3 Cir. 10/3/01), 796 So.2d 810, 813. Interim support preserves parity in the levels of maintenance and support, and avoids "unnecessary financial dislocation until a final determination of support can be made." *Jones v. Jones,* 38,790, p. 15 (La.App. 2 Cir. 6/25/04), 877 So.2d 1061, 1072.

*Derouen v. Derouen*, 04-1137, pp. 3-4 (La.App. 3 Cir. 2/2/05), 893 So.2d 981, 984.

In accordance with La.Civ.Code art. 113, the trial court must assess the needs of the party requesting interim spousal support, the ability of the other party to pay, and the standard of living of the parties during the marriage, to determine the interim spousal support award.  Jerry carries the burden of proving need for interim spousal support by establishing lack of sufficient income or the ability to earn a sufficient income to maintain the standard of living he had while he was married to Rhonda.  *See Id.; January v. January*, 94-882, 94-883 (La.App. 3 Cir. 2/1/95), 649 So.2d 1133.

"When awarding interim spousal support it 'is the ability of the trial court to examine a spouse's entire financial condition, which is not limited only to income, but also any resource from which the wants of life can be supplied, including a spouse's earning capacity." *Gordon v. Gordon*, 07-272,

3

p. 2 (La.App. 3 Cir. 10/3/07), 966 So.2d 1216, 1218 (citing *Smoloski v. Smoloski,* 799 So.2d at 602).

The case at bar hinges on Jerry's ability to earn an income. Jerry argues that he is completely disabled due to a mental infirmity and, therefore, he is unable to work. In its' written reasons dated September 10, 2015, the trial court found the following:

> The court listened to and closely observed Jerry Tyler when testifying and does not find him to be a credible or truthful witness. He was hesitant in some answers and evasive in others. After the close of the testimony, the court was convinced he was attempting to deceive the Court in believing he was disabled and unable to work so he could receive support from his gainfully employed wife.

> After reviewing the exhibits and the testimony, especially the report of Dr. Bryan, the Court is convinced *beyond a reasonable doubt this is his motive*.

The trial court ultimately determined that Jerry is "voluntarily unemployed and that he has the education, training and experience to be gainful[ly] employed in many occupations that would provide the necessary support for his needs." Clearly, after reviewing the evidence, the trial court believed that Jerry has the capacity to earn a living, yet chooses not to work.

Jerry argues that the trial court required him to prove he is unable to work as a prerequisite to receiving interim spousal support, thus confusing it with the standard for final spousal support. We disagree. The trial court is tasked with examining a spouse's entire financial condition, including a spouse's earning capacity. *See Id.* Further, Jerry must establish that he lacks sufficient income or the ability to earn a sufficient income. *See Derouen*, 893 So.2d 981. The trial court found that Jerry failed to carry his

4

burden that he does not have the ability to earn a sufficient income. This is a correct application of the law regarding interim spousal support.

Jerry also contends that, because the trial court used the term "voluntary unemployment" in its' written reasons, it utilized a concept that applies to child support claims. We disagree. The concept of voluntary unemployment or underemployment is found La.R.S. art. 9:315.11 and, indeed, applies to child support calculations. However, the use of the term "voluntary unemployment" in the written reasons does not mean the trial court applied the concept meant for child support calculations. In fact, the concept of voluntary unemployment is instructive to our application because, if a party is voluntarily unemployed, then the court must determine that party's earning potential. Therefore, the function is similar to the determination of interim spousal support. Regardless, the trial court found that Jerry "has the education, training and experience to be gainful[ly] employed in many occupations that would provide the necessary support for his needs", correctly applying the law regarding Jerry's ability to earn a sufficient income. The fact that the trial court used the term "voluntary unemployment" does not negate this finding, nor does it prove that the trial court applied the wrong law.

We find that trial court properly applied the law on interim spousal support and a de novo review is not warranted. This assignment lacks merit.

*II. Assignment of Error Number Two*

It is Jerry's contention that the trial court manifestly erred in determining that he is not in need of support. Jerry was examined by numerous doctors over a two year period. The trial court ordered Dr. Hugh

5

Bryan, who had previously examined Jerry, to gather all of the reports and re-examine him. Dr. Bryan was also ordered to report his findings to the court. The examination was conducted on May 12, 2015, and the report was published on May 14, 2015. Dr. Bryan found that Jerry greatly exaggerated his symptoms, that he was not permanently disabled, and that he would greatly benefit from a return to the workforce.

The trial court explained:

[Jerry] attempts to convince the Court he is disabled but post[ed] an advertisement on Facebook on April 7, 2015 to his biker friends that he washes and details bikes for $100.00 [ ]. On April 1, 2015, he posted on Linklin (sic) a lengthy advertisement for employment numerous occupations, including heavy equipment, welding, commercial driving, flying any single engine place [sic], etc.

Additionally, when attempting to renew his Louisiana Concealed Handgun Permit, he checked "no" on the application to questions about whether he had a mental illness. Similarly, Jerry certified that he did not have a nervous or psychiatric disorder, or severe depression when applying for a Commercial Driver's License. Further, as stated in its' written reasons above, the trial court found that Jerry was not a credible witness and was evasive with his answers.

"The trial court is vested with much discretion in determining an award of interim spousal support. Such a determination will not be disturbed absent a clear abuse of discretion." *Romanowski v. Romanowski*, 03-124 p. 11 (La.App. 1 Cir. 2/23/04), 873 So.2d 656, 664. After reviewing the entire record in this matter, we are unable to find that the trial court erred or clearly abused its discretion. Accordingly, we find no error in the trial court's denial of Jerry's request for interim spousal support.

6

*III. Assignment of Error Number Three*

At the interim spousal support hearing, Rhonda offered the expert testimony of Clarence Melcher, who has worked in construction management for forty years. Jerry argues that the trial court erred in qualifying Mr. Melcher as an expert. Clarence Melcher is an owner in Martin Building Materials. He is not a licensed contractor, however, he testified that he is engaged in construction management, including forty jobs ongoing at the time of trial. Louisiana Code of Evidence article 702 supplies the law on expert witnesses:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) The testimony is based on sufficient facts or data;
>
> (3) The testimony is the product of reliable principles and methods; and
>
> (4) The expert has reliably applied the principles and methods to the facts of the case.

This court in *Heitman v. Christus Health Cent.*, 10-458, p. 2 (La.App. 3 Cir. 11/3/10), 49 So.3d 609, 611, *writ denied*, 10-2693 (La. 1/28/11), 56 So.3d 957, stated:

> Trial Courts are vested with great discretion in determining the competence of expert witnesses, and rulings on the qualifications of an expert witness will not be disturbed unless there was an abuse of that discretion. A combination of specialized training, work experience, and practical application of the expert's knowledge can combine to demonstrate that the person is an expert; a person may qualify as an expert based on experience alone.

Jerry complains that the extent of Mr. Melcher's education is a high school diploma. He has not published any articles on construction management, nor does he hold any kind of license. Specifically, Jerry takes issue with Mr. Melcher's answer that the housing market has turned around and there is now a demand for finish carpenters. He also objects to Mr. Melcher's answer that a capable person with experience in finish carpentry can find work in Rapides Parish, arguing that a vocational rehabilitation expert should testify to that information.

The testimony of Mr. Melcher would also be admissible under La.Code Evid. art. 701, as opinion testimony by a lay witness, due to his expertise in construction management, which included forty ongoing jobs at the time of the trial. The trial court is vested with great discretion in the determination of the competence of a witness based on experience alone. *Mitchell v. Roy*, 10-563 (La.App. 3 Cir. 11/3/10), 51 So.3d 153, *writ denied*, 10-2695 (La. 1/28/11), 56 So.3d 957.

The law is clear that experience alone may qualify someone as an expert. Mr. Melcher has forty years of experience in the construction business. The trial court found that he qualifies as an expert in the field of construction management, and this finding shall not be disturbed unless there is an abuse of discretion. The questions posed to him were within the scope of his expertise. Based on the record, we do not find that the trial court abused its discretion in qualifying Mr. Melcher as an expert in construction management.

*IV. Assignment of Error Number Four*

Jerry next argues that Dr. Bryan's deposition should not have been admitted into evidence based on the health care provider-patient privilege. Initially, Dr. Bryan was Rhonda and Jerry's marriage counselor. He later evaluated Jerry in connection with his Social Security Disability claim, supporting his claim for benefits. On April 30, 2015, Rhonda filed a Rule for Psychological Examination, which was granted by the trial court. Jerry was ordered to submit to a psychological evaluation by Dr. Bryan. After the examination was conducted, Dr. Bryan's deposition was taken on June 30, 2015 and submitted at the hearing on this matter.

The law regarding health care provider-patient privilege is found in La.Code Evid. art. 510 (emphasis added) which states, in pertinent part:

> **B. (1) General rule of privilege in civil proceedings.** In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.
>
> **(2) Exceptions.** There is no privilege under this Article in a noncriminal proceeding as to a communication:
> . . . .
> (c) When the communication is relevant to an issue of the health condition of the patient in any proceeding in which the patient is a party and *relies upon the condition as an element of his claim or defense* or, after the patient's death, in any proceeding in which a party deriving his right from the patient relies on the patient's health condition as an element of his claim or defense.
> . . . .
> (f) When the communication is made in the course of an examination ordered by the court with respect to the health condition of a patient, the fact that the examination was so ordered was made known to the patient prior to the communication, and the communication concerns the particular purpose for which the examination was made, unless the court in its order directing the examination has stated otherwise.
> . . . .

We find no error in admission into evidence of Dr. Bryan's deposition. It clearly falls under two of the exceptions found in La.Code Evid. art. 510. Jerry relies upon his mental condition in his claim for interim and final spousal support. Therefore, any communication with Dr. Bryan relating to Jerry's mental health is relevant and admissible. Further, the examination was court ordered, falling under the exception found in Section (2)(f) of the statute. This assignment lacks merit.

### V. *Assignment of Error Number Five*

Just prior to the start of the trial on the issue of final periodic spousal support, the record shows that both counsel had apparently agreed to a stipulation that the same evidence used in the earlier trial of the interim spousal support issue would be used in the trial of the issue of final periodic spousal support, and that the only evidence to be added was on the issue of Jerry's "freedom from fault." However, prior to the beginning of the testimony, Rhonda's counsel made an oral motion seeking to place before the court a peremptory exception of no cause of action based on the trial court's earlier written reasons which denied Jerry interim spousal support. Because Jerry had to prove both "need" and "freedom from fault" to recover final periodic spousal support, the argument was that the trial court had already decided that he was not "in need" and no additional evidence would be added on that issue. Hence, he could not prove an essential element of his claim

This prompted a response by Jerry's counsel that he had a right to introduce additional evidence of Jerry's need into the record at the hearing, and not limit the evidence to only Jerry's "freedom from fault" as per the

stipulation. Rhonda's counsel protested that based on the stipulation of counsel, he was only prepared to address the issue of fault. The record contains a continued colloquy between counsel and the trial court that resulted in counsel for Jerry agreeing to the earlier stipulation that no further evidence would be introduced on the issue of "need."

The trial court then granted Rhonda's oral peremptory exception of no cause of action and dismissed Jerry's claim for final periodic spousal support. The trial judge, in effect, ruled that, since he had already decided Jerry was not "in need" and no additional evidence would be taken on that issue, Jerry failed to carry his burden of proof. Had he simply made that finding as his final ruling on the merits, this case would have been concluded. The trial court improperly dismissed Jerry's case on the "oral exception" of no cause of action. Jerry contends that the trial court erred in granting Rhonda's exception of no cause of action. We agree.

Louisiana Code of Civil Procedure Article 852 states, in pertinent part, "The pleadings allowed in civil actions, whether in a principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers." Therefore, "pleadings" would require exceptions and motions be written, filed and set for contradictory hearing. The oral motion for peremptory exception of no cause of action by counsel for Rhonda was not properly placed before the trial court as a pleading. Although counsel for Rhonda was correct that "[t]he peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision[,]" this "pleading had to be filed in

11

writing." La.Code Civ.P. art. 928. Moreover, the exception has to be decided on the pleadings alone and not the evidence.

In *ERA Helicopters, Inc. v. Amegin*, 15-753, pp. 1-2 (La.App. 3 Cir. 12/9/15), 181 So.3d 241, 242 (citing *Scheffler v. Adams and Reese, LLP,* 06-1774, pp. 4-5 (La.2/22/07), 950 So.2d 641, 646-47), this court explained:

> As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. LSA-C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

A spouse who seeks final periodic spousal support must prove he is free from fault in the dissolution of the marriage. La.Civ.Code art. 112. In Jerry's reconventional demand, he states that he does not have sufficient income and he is without fault. Rhonda argues that, because there was a judicial determination that Jerry was voluntarily unemployed and can be gainfully employed, the exception was correctly granted. However, this is not the law. Accepting Jerry's claims in the reconventional demand as true, the exception of no cause of action should have been denied, regardless of the ruling on the interim spousal support issue. Therefore, the granting of the exception of no cause of action by the trial court was in error.

*VI. Permanent Periodic Spousal Support*

A remand in this case is unnecessary because we have a complete record before us. The parties entered into a stipulation which stated that the

same evidence used in the earlier trial of the interim spousal support issue would be used in the trial of the issue of final periodic spousal support. Counsel for Jerry agreed that no further evidence on the issue of "need" would be introduced. Consequently, this case is in a proper posture for this court to render judgment on the issue of permanent periodic spousal support.

"Louisiana Civil Code Article 112 requires that a spouse seeking final periodic support as a consequence of a divorce prove his or her freedom from fault in the dissolution of the marriage. That spouse must prove also his or her need for the support and the other spouse's ability to provide such support." *Guillory*, 7 So.3d at 147. For the reasons stated in our discussion of Assignment of Error Number Two, Jerry failed to prove that he is in need of support in his claim for interim spousal support. Jerry, therefore, cannot prevail on his permanent periodic spousal support claim since "need" is a factor that must be proved in order to be successful. Jerry's request for permanent periodic spousal support is denied.

## DECREE

For the foregoing reasons, the judgment denying interim spousal support to Jerry Tyler is affirmed. The judgment granting Rhonda Tyler's Exception of No Cause of Action and dismissing Jerry Tyler's request for permanent periodic spousal support is reversed. Jerry Tyler's claim for permanent periodic spousal support is denied. All costs of this appeal are assessed to Jerry Tyler.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**