NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-405 consolidated with 20-406

PHILIP ADAM THOMAS

VERSUS

KELLY JEAN WILLIS THOMAS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2019-2713 C/W 2019-2858
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Sharon Darville Wilson, Judges.

AFFIRMED.

**Jonathan L. Johnson**
**Erin N. Abrams**
**The Johnson Firm**
**1111 Ryan Street**
**Lake Charles, Louisiana  70601**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Kelly Jean Willis Thomas**

**Todd H. Melton**
**Todd H. Melton, L.L.C.**
**P.O. Box 847**
**616 Kirby Street**
**Lake Charles, Louisiana  70602**
**(337) 439-2979**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Philip Adam Thomas**

**CONERY, Judge.**

In this divorce proceeding, Kelly Jean Willis Thomas (Kelly) appeals the trial court's judgment that awarded her interim spousal support in the amount of $2,800 a month retroactive to June 13, 2019. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Kelly and Philip Adam Thomas (Philip) were married on December 21, 1992 in Beeville, Texas. The parties were both domiciled in Calcasieu Parish, Louisiana at the time their respective petitions for divorce were filed. This is not a covenant marriage. On June 5, 2019, Philip filed his petition for divorce pursuant to La.Civ.Code art. 103,[1] claiming that the parties had separated on March 30, 2018. On June 13, 2019 Kelly filed her petition for divorce pursuant to La.Civ.Code art. 102,[2] claiming that the parties separated on May 19, 2019. Kelly's petition requested interim spousal support as well as final periodic spousal

---

[1] Louisiana Civil Code Article 103 states in pertinent part,

> Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:
>
> (1) The spouses have been living separate and apart continuously for the requisite period of time, in accordance with Article 103.1, or more on the date the petition is filed.

Louisiana Civil Code Article 103.1 provides in pertinent part,

> The requisite periods of time, in accordance with Articles 102 and 103 shall be as follows:
>
> (1) One hundred eighty days where there are no minor children of the marriage.

[2] Louisiana Civil Code Article 102 states in pertinent part:

> Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, prior to the filing of the rule to show cause.

support. Kelly also requested and was granted *Forma Pauperis* status on August 6, 2019. The two cases were consolidated in the Fourteenth Judicial District Court and are consolidated on appeal before this court.

On August 6, 2019, the parties came before the Hearing Officer, who found the following facts. Kelly had been unemployed for the past fifteen years; Philip has been paying her car note, car insurance, cell phone bill, and additionally pays her $475.00 a week. The Family Court Hearing Officer reviewed the affidavits of the parties and, after a Hearing Officer conference, recommended that Kelly receive monthly interim spousal support in the amount of $3,300.00. Kelly did not accept the Hearing Officer's recommendation and appealed to the trial court.

The parties then entered into a "Joint Stipulation" regarding other pending issues which provided in significant part: that the cases should be consolidated; that Philip was required to continue to maintain health insurance on Kelly pending the divorce, and that she would be responsible for any health care costs that were not covered by health insurance; no changes were to be made to the community regime pending the partition; since the parties had been separated for thirty days, the community regime was terminated retroactive to June 5, 2019, and both parties were confirmed as owners of an undivided one-half interest in all community assets; that Philip has exclusive use of the former family home at 1510 Happy Lane, Lake Charles, Louisiana, and Kelly reserves her claim for fair rental credit to be determined at the time of the partition; each shall have the use of their respective vehicles pending the partition of the community regime.

On December 4, 2019, the trial court held a hearing on Kelly's appeal of the Hearing Officer's recommendation that she receive $3,300.00 per month in interim periodic spousal support. The trial court heard testimony from both parties,

2

considered the evidence introduced at trial, and heard argument of counsel. After due deliberation, the trial court ruled from the bench and assigned oral reasons reducing the amount of the award of monthly interim periodic spousal support recommended by the Hearing Officer to $2,800.00 per month. The trial court's ruling was memorialized in its judgment filed January 7, 2020 and signed on January 8, 2020.

The trial court's re-evaluation of the Hearing Officer's recommendation was based in part on the pre-trial revelation that Kelly was now working. Kelly indicated she had two part time jobs and was earning an income, which was not the case when the parties appeared before the Hearing Officer, and thus not part of the Hearing Officer's calculations. The trial court's judgment provided that Kelly was to receive $2,800.00 per month in interim periodic spousal support "effective June 13, 2019 payable on the 1st and 15th of each month subject to a credit for payments made since the date of filing." Kelly timely filed her suspensive appeal of the trial court's judgment on December 27, 2019.

## ASSIGNMENTS OF ERROR

In her appeal brief to this court Kelly assigns the following five assignments of error:

I. The trial court erred in its calculation of interim spousal support by not affording Appellant an award meeting her need;

II. The trial court erred in its calculation of interim spousal support under valuing Appellee's ability to pay;

III. The trial court erred in its calculation of interim spousal support by not permitting Appellant the ability to maintain the lifestyle of the marriage;

IV. The trial court erred in not awarding Appellant a reasonable percentage of Appellee's discretionary and expendable income;

3

V. The trial court erred in considering Appellant's income for the determination of interim spousal support.

**LAW AND DISCUSSION**

*Interim Spousal Support*

Louisiana Civil Code Article 113, as amended and simplified by the legislature in 2018, now provides in pertinent part, that a "court may award a party interim spousal support based on the needs of that party, the ability of the other party to pay, ... and the standard of living of the parties during the marriage." The party seeking interim spousal support has the burden of proving her need. *Derouen v. Derouen*, 04-1137 (La.App. 3 Cir. 2/2/05), 893 So.2d 981. "A claimant demonstrates need for interim spousal support if she establishes that she lacks sufficient income or the ability to earn a sufficient income 'to sustain the style or standard of living that [s]he enjoyed while [s]he resided with the other spouse.'" *Id.* at 984 (quoting *January v. January*, 94-882, p. 3 (La.App. 3 Cir. 2/1/95), 649 So.2d 1133, 1136).

The trial court enjoys considerable discretion in determining whether to make an award of interim spousal support and its determination in awarding interim spousal support will not be disturbed on appeal absent a clear abuse of discretion. *Smoloski v. Smoloski*, 01-485 (La.App. 3 Cir. 10/3/01), 799 So.2d 599. *See also Derouen*, 893 So.2d 981.

In this appeal, our primary objective is to review the trial court record for manifest error and abuse of discretion. In *Evans v. Lungrin*, 97-541, pp. 6-7 (La. 2/6/98), 708 So.2d 731, 735, our supreme court articulated the following standard of review for a trial court's findings: "It is well-settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of 'manifest

4

error' or unless it is 'clearly wrong.' *Rosell v. ESCO,* 549 So.2d 840, 844 (La.1989)." *See also Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). Our supreme court further articulated the role of an appellate court when conducting a review for manifest error in *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain*, *LLC*, 14-2592 (La. 12/8/15), 193 So.3d 1110. It explained:

> In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Cenac v. Public Access Water Rights Ass'n*, 02-2660, p. 9 (La. 6/27/03), 851 So.2d 1006, 1023. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. Rather in reversing a trial court's factual conclusions with regard to causation, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993).
>
> This test requires a reviewing court to do more than simply review the record for some evidence, which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Parish Nat. Bank v. Ott*, 02-1562, pp. 7-8 (La. 2/25/03), 841 So.2d 749, 753-54. The issue to be resolved on review is not whether the judge or jury was right or wrong, but whether the judge's or jury's factfinding conclusion was a reasonable one. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989); *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973).

*Id.* at 1115-16.

***Discussion***

The Hearing Officer's recommendation, submitted after an extensive review of the documentation submitted by the parties, found that Kelly was entitled to $3,300.00 in interim spousal support each month, instead of $5,699.90, the amount shown on her affidavit of expenses and need. The Hearing Officer found, and

Kelly's testimony on appeal to the trial court revealed, that Philip was paying a substantial portion of her expenses and that some of the expenses listed were now non-existent.

Kelly appealed the Hearing Officer's recommendation of $3,300.00 in interim spousal support per month and now seeks $4,724.37 per month, which is mainly based on Kelly's claim of the disparity of lifestyles. Philip has maintained his residence in the family home, and she has been living with family and friends. Kelly further maintains that Philip has discretionary income over and above his expenses requiring that he pay additional money to her each month in order to maintain her former lifestyle.

The only difference between the evidence presented to the Hearing Officer which supported the Hearing Officer's recommendation of $3,300.00 per month, and the evidence presented at the hearing before the trial court was the pre-trial revelation, which took place shortly before the hearing began, that Kelly was working two jobs. She admitted she worked for Dobson and Son, an accounting firm, at the rate of $15.00 an hour. Her second job is part time work as a Docent in a museum for $13.00 per hour. Kelly testified at trial that she worked twenty hours a week for the accounting firm and also worked as a Docent every other weekend, with her hours varying between seven and fourteen hours per month. This employment would provide her with a final monthly gross income of approximately $1,382.00 to $1,564.00, depending on her hours worked as a Docent.[3]

---

[3] The only exhibits of income and expenses presented at trial were those pertaining to Philip's income from his employment with the Federal Aviation Administration.

The trial court, after extensive review of the documentation, the Hearing Officer's recommendation, and the testimony of the parties, which included exhaustive examination by counsel of both Kelly and Philip, issued the following oral reasons for judgment at the close of the hearing on December 4, 2019:

THE COURT:

> All right, well, I've looked at the numbers before, but even considering what was heard today, if I used the gross – because I do think that there's income that – we just can't consider the One-o[h] Eight (108.00) or the One-Eleven (111.00) because there is income, it's just tax-deferred, so it's not showing up in some of the documents. But, using the Eleven-Thousand Two-Hundred and Five (11,205.00) monthly, and if you take out as Mr. Johnson suggested, his deductions it's at Eight-Thousand (8000.00). And then you take out his expenses minus what she would pay that were hers, that would be Four-Thousand (4000.00), so he's left with Thirty-Nine-Hundred (3900.00).

> If he's ordered to pay Twenty-Eight Hundred (2800.00) instead of Twenty-Seven Fifty (2750.00), that gives her Twenty-Eight-Hundred (2800.00) plus what was different that wasn't ever mentioned in pre-trial is that she has income. Which, when you just consider the accounting income and not the other income, because I didn't really understand how much that was, but the Twelve-Hundred (1200.00) and the Twenty-Eight (2800.00) that's Four Thousand (4000.00), which is exactly the amount that he had left over when you take out his – so, I'm going to set it to Twenty-Eight-Hundred (2800.00), and it's retroactive to the date of request.[4]

Kelly's main argument was that she was entitled to maintain the same lifestyle that she enjoyed during the marriage. However, it is undisputed that the record shows that Philip continued to pay many of the expenses that Kelly claimed on her affidavit, as per her testimony at the hearing, and as found by the Hearing Officer. Further, Kelly chose to continue to live with family and friends despite the fact, also found by the Hearing Officer, that Philip had been paying her $475.00 per week in addition to her other expenses.

---

[4] Kelly filed her petition for divorce on June 13, 2019, seeking both interim and final periodic spousal support.

Based on the record before us and the requirement that this court review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous, we find that the trial court's ruling was supported by the entire record on appeal. Accordingly, based on the trial court's considerable discretion in determining an award of interim spousal support, we find no abuse of discretion in this conscientious and experienced trial judge's thorough and well-reasoned decision to award Kelly $2,800.00 per month in interim spousal support retroactive to June 13, 2019.

## CONCLUSION

For the foregoing reasons, the trial court's judgment of January 8, 2020, awarding interim spousal support to Kelly Jean Willis Thomas in the amount of $2,800.00 per month effective June 13, 2019 payable on the 1st and 15th of each month by Philip Adam Thomas, subject to a credit for payments made since the date of filing, is affirmed in its entirety. All costs of this appeal are assessed to Kelly Jean Willis Thomas.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.